LOURIE, Circuit Judge.
 

 Holly P. Andrews appeals from the decision of the United States Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans’ Appeals denying her an earlier effective date for disability compensation.
 
 Andrews v. Principi
 
 16 Vet.App. 309 (Vet.App.2002). Because the court did not err in affirming the Board’s decision, we affirm.
 

 BACKGROUND
 

 Ms. Andrews was discharged from active service in the U.S. Army National Guard in April 1990 as disabled due to psychiatric disorders. In June 1991, Andrews filed a claim for compensation at a Department of Veterans Affairs (‘VA”) regional office (“RO”). In an October 1992 decision, the RO granted service connec
 
 *1136
 
 tion to Andrews’ dysthymic disorder and assigned a fifty-percent disability rating effective June 14, 1991, the date that the RO had received her claim. Andrews challenged that decision, requesting a higher disability rating and an earlier effective date for her claim. Following a May 1993 hearing, the RO increased Andrews’ disability rating to one hundred percent, but declined to grant an earlier effective date under 38 U.S.C. § 5110(b)(1) because she had not filed her claim within one year of her discharge.
 

 Andrews appealed to the Board, and the Board affirmed the RO’s decision in 1998. It determined, as a finding of fact, that the VA had not provided the required notice of benefits to which Andrews might have been entitled; however, the Board concluded that the failure to notify could not be a basis for awarding retroactive benefits contrary to the express limitations of the statute. Andrews then appealed to the Court of Appeals for Veterans Claims, arguing that because the VA had a duty to notify her of the one-year filing provision of § 5110(b)(1) and because the VA failed to provide that notice, equitable tolling should apply. The court rejected Andrews’ arguments and she timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.
 

 DISCUSSION
 

 We review a statutory interpretation by the Court of Appeals for Veterans Claims
 
 de novo. Dambach v. Gober,
 
 223 F.3d 1376, 1380 (Fed.Cir.2000). We have exclusive jurisdiction to “review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.” 38 U.S.C. § 7292(c) (2000). We may not review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue.
 
 Id.
 
 § 7292(d)(2);
 
 Bustos v. West,
 
 179 F.3d 1378, 1380 (Fed.Cir.1999).
 

 On appeal, Andrews argues that the one-year filing deadline of § 5110(b)(1) is subject to equitable tolling in cases in which the VA fails to provide claimants with notice of eligibility for benefits, as required under § 7722(b) and (c)(1). She contends that the Court of Appeals for Veterans Claims incorrectly relied upon
 
 Rodriguez v. West,
 
 189 F.3d 1351 (Fed. Cir.1999), which she argues can be distinguished on its facts and involves a separate, dissimilar provision of § 7722. Andrews instead relies upon this court’s holding in
 
 Jaguay v. Principi,
 
 304 F.3d 1276 (Fed.Cir.2002) (en banc). Additionally, she asserts that 38 U.S.C. § 503(a), which provides for equitable relief in cases of administrative error by the VA, bolsters her argument that equitable tolling should be an available remedy. She cites
 
 Bowen v. City of New York,
 
 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), as precedent for the application of equitable tolling to a statute of limitations.
 

 The VA responds that equitable tolling is inapplicable because there is no time bar on filing claims for disability compensation and consequently no time period exists that can be equitably tolled. The VA further maintains that our holdings in
 
 Rodriguez
 
 and
 
 McCay v. Brown,
 
 106 F.3d 1577 (Fed.Cir.1997), preclude application of equitable tolling to § 5110. Finally, the VA asserts that § 503(a) decisions are not properly reviewable by the courts and that Andrews’ analogy to
 
 Bowen
 
 is mistaken.
 

 Section 7722 provides, in pertinent part:
 

 (b) The Secretary shall by letter advise each veteran at the time of the veteran’s
 
 *1137
 
 discharge or release from .. .■ service ... of all benefits and services ... for which the veteran may be eligible.... ■
 

 (c)(1) The Secretary shall distribute full information to eligible veterans ... regarding all benefits and services to which they may be entitled....
 

 38 U.S.C. § 7722 (2000). Thus,, notice of benefits must be provided on-discharge or release.
 

 Section 5110 provides:
 

 (a) Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim ... of compensation ... shall not be earlier than the date of receipt of application therefor.
 

 Id.
 
 § 5110. According to this provisión, an award is effective
 
 on
 
 the date
 
 of
 
 receipt of an application therefor. However, for an award of disability compensation to a veteran, the statute provides for an earlier effective date under a specific condition not met here:
 

 (b)(1) The effective date of an award of disability compensation to a veteran shall be the day following the date of the veteran’s discharge or release if application therefor is received within one year from such date of discharge or release.
 

 Id.
 

 Andrews claims that a failure to notify under § 7722 tolls the one-year time period of § 5110(b)(1). We.disagree. The VA’s failure to notify a veteran pursuant to § 7722(b) and (c)(1) may not serve as the basis for tolling the time period in § 5110(b)(1). In
 
 Rodriguez,
 
 relied upon by the Veterans’ Court, the claimant asked this court to award her an effective date for receiving benefits earlier than provided under § 5110(a), asserting as justification that the VA had breached its duty under § 7722(d) to assist her in preparing and presenting her claim.
 
 [1]
 
 189 F.3d at l352. Thus, with similar facts, Rodriguez was also attempting to obtain an effective date earlier than the statute permitted. We concluded that § 7722(d) was hortatory, noting particularly that the statute does not prescribe any remedy for its breach. Id. at 1355. Rodriguez was bound by the provisions of the statute and was not entitled to an effective date earlier than the statute permitted,
 
 ie.,
 
 the date of receipt of a claim.
 

 Although Andrews claims that
 
 Rodriguez
 
 addresses only § 7722(d), we find its reasoning cogent and equally applicable to §' 7722(b) and (e), 'to which '§ 7722(d) refers. As in
 
 Rodriguez,
 
 “nothing in those provisions indicates, or even suggests, that the Secretary’s failure to provide assistance to a claimant justifies ignoring the unequivocal command in § 5110(a) that the effective date of benefits cannot be earlier than 'the filing of an application therefor.”
 
 Id.
 
 (citation omitted). Thus, the VA’s failure to notify under § 7722(b) and (c)(1) may not serve as the basis for awarding an effective date in contravention of the statute.
 

 Moreover, principles of equitable tolling, as claimed by Andrews, are not applicable to the time period in § 5110(b)(1). Equitable tolling may be applied to toll a statute of limitations “where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory-period, or where the complainant has been-induced or tricked by his. adversary’s misconduct into allowing the filing deadline to pass.”
 
 Irwin v.
 
 
 *1138
 

 Dep’t of Veterans Affairs,
 
 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). This is not such a case, as § 5110 does not contain a statute of limitations, but merely indicates when benefits may begin and provides for an earlier date under certain limited circumstances. “Generally, the effective date of an award of disability benefits can be no earlier than the date of application for such benefits.”
 
 McCay,
 
 106 F.3d at 1579. Section 5110 addresses the question of when benefits begin to accrue, not whether a veteran is entitled to benefits at all. Passage of the one-year period in § 5110(b)(1) for filing a claim of disability compensation therefore does not foreclose payment for the veteran and thus cannot be construed as establishing a statute of limitations.
 

 Andrews’ reliance upon
 
 Jaquay
 
 is similarly misplaced. She notes the VA’s failure to provide notice of eligibility for benefits and cites that case for the proposition that equitable tolling may be available where a complainant has been induced or tricked by the government’s misconduct into allowing a filing deadline to pass. In
 
 Jaquay,
 
 however, we equitably tolled a true statute of limitations — the statutory period for filing a notice of appeal at the Court of Appeals for Veterans Claims. 304 F.3d at 1283-84. That fact situation is unlike the case presently before us, which instead relates to a statute establishing an effective date for payment of benefits, not a statute of limitations. Moreover, no evidence of trickery or misconduct has been shown here. At most, this may • be “a garden variety claim of excusable neglect,” to which equitable tolling does not apply, as indicated by the Supreme Court in
 
 Irwin.
 
 498 U.S. at 96, 111 S.Ct. 453.'
 

 McCay
 
 further supports the court’s decision. In that case, the claimant sought an effective date under § 5110(g) earlier than one year before the date of application because of alleged misrepresentations by the VA. 106 F.3d at 1579. We held that the claimant did not “seek to toll a statute of limitations in order to bring a claim that would otherwise be time barred.”
 
 Id.
 
 at 1582. Instead, to obtain benefits expressly prohibited by the statute, he asked this court to apply equitable tolling to § 5110(g), which we declined to do.
 
 Id.
 
 Likewise, Andrews seeks an effective date earlier than provided for by § 5110. We agree with the VA that Andrews does not seek to toll any statutory limitations period; rather, she asks this court to waive the express statutory requirements for an earlier effective date for compensation, which we cannot do.
 

 Lastly, we have considered Andrews’ analogy to
 
 Bowen
 
 with respect to the Secretary’s discretionary authority under 38 U.S.C. § 503(a) and we find it unpersuasive.
 
 Bowen
 
 involved a genuine statute of limitations, whereas the instant case does not.
 
 See
 
 476 U.S. at 479, 106 S.Ct. 2022. Moreover, in the statute at issue in
 
 Bowen,
 
 Congress explicitly “authorized the Secretary to toll the [time] limit, thus expressing its clear intention to allow tolling in some cases.”
 
 Id.
 
 at 480, 106 S.Ct. 2022 (footnote omitted). Section 5110 lacks any such language; in fact, Congress’s intent is unmistakably clear that the effective date can be earlier than the “date of receipt of application” only if “specifically provided otherwise” in § 5110, and no such other provision applies to Andrews.
 

 CONCLUSION
 

 The Court of Appeals for Veterans Claims did not err in holding that Andrews is not entitled to an earlier effective date for her claim. Accordingly, the decision of that court is
 

 AFFIRMED.
 

 [1]
 

 . - That statute provides:
 

 (d) The Secretary shall provide, to the maximum extent possible, aid and assistance ... to members of the Armed Forces, veterans, and eligible, dependents with respect to subsections (b) and (c) and in -the preparation and presentation of claims under laws administered by the Department.
 

 38 U.S.C. § 7722 (2000).