**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 02-352

JOHN D. DESBROW, SR., APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges*.

**O R D E R**

The appellant, through counsel, appeals a February 19, 2002, Board of Veterans' Appeals (Board or BVA) decision in which the Board denied an effective date prior to December 16, 1997, for VA's award to the appellant of non-service-connected pension with special monthly pension based on the need for aid and attendance. Record (R.) at 3, 9. The appellant and the Secretary each filed a brief, and the appellant filed a reply brief. In response to a July 2003 Court order, the Secretary, on August 25, 2003, filed a memorandum of law. On October 10, 2003, the appellant filed an unopposed motion for leave to file out of time his response to the Secretary's memorandum of law. On that same date, the Court received the appellant's response. The Court will grant the appellant's October 2003 motion and will accept for filing his response to the Secretary's memorandum of law. For the reasons that follow, the Court will affirm the February 2002 Board decision.

**I. Background**

The appellant served on certified active duty from January 1942 to February 1944. R. at 12; *see* 38 C.F.R. § 3.7(x)(25) (2003) (recognizing certification as active duty service of, inter alia, U.S. civilian flight crew and aviation ground support employees of Pan American World Airways (Pan Am) who served overseas as result of Pan Am contract with Air Transport Command and Naval Air Transport Service during period from December 14, 1941, to August 14, 1945). As reflected in the record on appeal (ROA), the appellant initially was hospitalized on August 28, 1996 (R. at 15, 23); on September 18, 1996, he was admitted to a private skilled care facility, suffering from, inter alia, organic brain syndrome (OBS) (R. at 15, 21). The ROA also reflects that, based on a September 4, 1997, examination, a private physician stated that the appellant was afflicted with, inter alia, OBS and opined that the appellant's condition was chronic and progressive and would not improve. Supplemental (Suppl.) R. at 20; *see* R. at 21. On December 16, 1997, the appellant, through his representative, submitted an application for VA compensation or pension for OBS. R. at 15-24.

In a December 18, 1998, decision, a VA regional office (RO) awarded the appellant non-service-connected pension for his OBS and special monthly pension based on the need for aid

and attendance, effective December 16, 1997. R. at 29-31; *see* 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400 (2003) (effective date of award generally will be later of date of receipt of claim or date entitlement arose). The appellant appealed to the Board the effective date assigned; specifically, he requested an effective date of August 28, 1996, the date of onset of his OBS. R. at 35 (Notice of Disagreement), 41-53 (Statement of the Case), 55-56 (Substantive Appeal in which appellant contended that equitable tolling should be applied to effective-date provisions); *see* R. at 60-68 (transcript of September 15, 1999, BVA hearing), 70-80 (October 1999 written submission by appellant); *see also* R. at 83-90 (September 2000 Board decision in which BVA denied earlier effective date (EED)), Suppl. R. at 40-45 (Secretary's April 2001 unopposed motion for remand in light of enactment of Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (VCAA)), Suppl. R. at 47 (April 2001 Court order granting Secretary's unopposed motion for remand), R. at 92-108 (October 2001 written submission by appellant).

In the decision on appeal, the Board first concluded that VA had complied with the duty-to-notify and duty-to-assist provisions as amended and added, respectively, by the VCAA. R. at 3-4; *see* 38 U.S.C. §§ 5103(a), 5103A; 38 C.F.R. § 3.159(b), (c) (2003). The Board then noted that "[t]he doctrine of equitable tolling is a common law doctrine and not within the purview of the Board's statutory authority to decide cases based on . . . 'applicable provisions of law and regulation'" (R. at 5-6 (quoting 38 U.S.C. § 7104(a))) and that, therefore, the BVA "c[ould] only consider the statutory scheme for allowing an [EED] for the benefits granted" (R. at 7). The Board concluded that, "[b]ecause the [appellant's December 16, 1997,] application [for benefits] was filed more than one year after the [August 28, 1996,] date of disability onset, retroactive benefits cannot be awarded [because] the appropriate effective date under the regulations is December 16, 1997, the date of receipt of application." R. at 7-8; *see* 38 U.S.C. § 5110(a), (b)(3)(A), (B); 38 C.F.R. §§ 3.400, 3.400(b)(1)(ii)(B) (2003).

On appeal, the appellant contends that the Court should apply equitable-tolling principles to 38 U.S.C. § 5110(b)(3)(A) and (B) and 38 C.F.R. § 3.400(b)(1)(ii)(B) to allow an EED of August 28, 1996. Appellant's Brief (Br.) at 1, 6-13; Reply Br. at 4-10. In the alternative, the appellant contends that he is entitled to an EED of September 4, 1997, the date that the private physician examined him and concluded that he had been diagnosed with OBS. Appellant's Br. at 13-14. The appellant also contends that VA failed to comply with the notice provisions of the VCAA. Appellant's Br. at 1, 13. The Secretary counters that, because 38 U.S.C. § 5110(b)(3)(A) and (B) are not subject to equitable tolling and because the appellant failed to file a claim for benefits within one year after the date on which he became "'permanently and totally disabled,'" i.e., within one year after August 28, 1996 (Secretary's Br. at 4 (quoting 38 U.S.C. § 5110(b)(3)(A), (B))), the Court should affirm the Board's decision that the proper effective date is December 16, 1997, the undisputed date that the appellant initially applied for VA pension. Secretary's Br. at 4-10. The Secretary further contends that there "is no evidence" to support any contention that September 4, 1997, is the date that the appellant became permanently and totally disabled because the onset of his condition was in August 1996. Secretary's Br. at 10.

## II. Analysis

Section 5110(a) of title 38, U.S. Code, provides that, unless otherwise specifically stated, the effective date for an award of, inter alia, disability pension "shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of the application therefor." 38 U.S.C. § 5110(a); *see* 38 C.F.R. § 3.400. Section 5110(b)(3) then provides that the effective date of an award of disability pension to a veteran "who is permanently and totally disabled and who is prevented by a disability from applying for disability pension for a period of at least 30 days beginning on the date on which the veteran became permanently and totally disabled" (38 U.S.C. § 5110(b)(3)(B)) "shall be the date of application or the date on which the veteran became permanently and totally disabled, if the veteran applies for a retroactive award within one year from such date, whichever is to the advantage of the veteran" (38 U.S.C. § 5110(b)(3)(A)). *See* 38 C.F.R. § 3.400(b)(1)(ii)(B).

With respect to the appellant's argument that the Court should apply, for any reason, the principles of equitable tolling to 38 U.S.C. § 5110(b)(3), that argument is unavailing. In this regard, the United States Court of Appeals for the Federal Circuit has stated unequivocally that, although "[e]quitable tolling may be applied to toll a statute of limitations[,] . . . . [section] 5110 does not contain a statute of limitations, but merely indicates when benefits may begin and provides for an earlier date under certain limited circumstances." *Andrews v. Principi*, 351 F.3d 1134, 1137-38 (Fed. Cir. 2003), *aff'g* 16 Vet.App. 309 (2002); *see Rodriguez v. West*, 189 F.3d 1351, 1355 (Fed. Cir. 1999) (stating that nothing in 38 U.S.C. §§ 5102 or 7722(d) indicates or suggests justification for "ignoring the unequivocal command in 38 U.S.C. § 5110(a) that the effective date of benefits cannot be earlier than the filing of an application therefor"). Thus, regardless of the theory upon which the appellant premises his request for equitable tolling in this case, his argument must fail because he "[is] not seek[ing] to toll any statutory limitations period[, but] rather . . . [is] ask[ing] this [C]ourt to waive the express statutory requirements for an [EED] for [pension], which we cannot do." *Andrews*, 351 F.3d at 1138.

As to the appellant's argument for an EED of September 4, 1997, on the ground that he was examined on that date by a private physician, the appellant has provided no support for the assignment of any such effective date. *See* Appellant's Br. at 13-14; U.S. VET. APP. R. 28(a)(5) (appellant's brief must contain "an argument . . . and the reasons for [them], with citations to the authorities . . . relied on").

Finally, to the extent that the appellant argues that VA failed to comply with its duty to notify under the VCAA, the Court notes that the appellant consistently has averred both that August 28, 1996, is the date on which he became "permanently and totally disabled" (38 U.S.C. § 5110(b)(3)(A)) *(see, e.g.,* Appellant's Br. at 1, 2, 4, 13; Reply Br. at 1, 2, 7; R. at 15, 21, 23, 24, 26, 35, 55, 63, 71, 96; Suppl. R. at 24) and that December 16, 1997, is the date on which he initially filed his claim for benefits *(see, e.g.*, Appellant's Br. at 1, 3, 4, 5, 7, 14; Reply Br. at 1, 3, 5, 7, 8; R. at 64, 71, 78). Because the facts averred by the appellant never could satisfy the requirements of 38 U.S.C. § 5110(b)(3), the Court concludes that any Board error regarding the application of the VCAA was nonprejudicial. *See* 38 U.S.C. § 7261(b)(2) (as amended by the Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 401, 116 Stat. 2820, 2832); *Valiao v. Principi*, 17 Vet.App. 229, 232

(2003) (holding that failure to comply with VCAA constitutes nonprejudicial error "[w]here the facts averred by a claimant cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision").

The Court, therefore, cannot conclude that the appellant has demonstrated that the Board committed any error in the decision on appeal that warrants reversal or remand. The Court thus will affirm the February 2002 Board decision.

Upon consideration of the foregoing, it is

ORDERED that the appellant's October 10, 2003, motion is granted. The appellant's response to the Secretary's memorandum of law will be accepted for filing as of October 10, 2003, the date that it was received. It is further

ORDERED that the February 19, 2002, Board decision is AFFIRMED.

DATED: May 4, 2004                                            PER CURIAM.

4