NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7171

ROBERT ASHBAUGH,

Claimant-Appellant

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: April 20, 2005

_____

Before CLEVENGER, RADER, and DYK, Circuit Judges.

PER CURIAM.

Robert Ashbaugh ("Ashbaugh"), appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans' Court") affirming a Board of Veterans' Appeals ("Board") decision that denied Ashbaugh an effective date of August 7, 1973, for a grant of a total disability rating based on individual unemployability ("TDIU"). Ashbaugh v. Principi, No. 02-0683 (Vet. App. May 20, 2004). We affirm.

BACKGROUND

Ashbaugh served on active duty in the United States Army from April 3, 1973, to August 7, 1973. He was honorably discharged upon the determination of a medical board that he was not fit for service due to psychosis. Ashbaugh signed a

"Serviceman's Statement Concerning Application for Compensation from the Veterans Administration" ("DA Form 664") on August 3, 1973, in connection with his discharge. DA Form 664 included the following instructions:

> Each officer and enlisted person being processed for separation from active military service for any reason who has undergone prolonged hospitalization, or suffered from wounds, injury or disease while in service, is advised to apply for compensation from the Veterans Administration by completing VA Form 21-526e. Each individual who had a physical defect when he entered the service which he feels was aggravated by military service should file VA Form 21-526e.

(Resp't App. at 32.) DA Form 664 further stated: "I am being processed for separation from the Army and have been advised that I am entitled to file an application for compensation from the Veterans Administration." (Id.) A checkmark in the appropriate box indicated: "I . . . have not filed application for such compensation on VA Form 21-256e. I understand that I may do so at a later date." (Id.)

Ashbaugh filed a claim for disability compensation on May 8, 1997, and was eventually granted TDIU by the Regional Office from that date (the date of claim receipt). The regulations, 38 C.F.R. § 3.400(b)(2)(i), provide that a claim for disability compensation not received within one year of discharge will be accorded an effective date equal to the later of the receipt of the claim or the date the entitlement arose.

Ashbaugh appealed the decision of the Regional Office to the Board, seeking an effective date of August 7, 1973, for benefits. The Board found that the Veterans Administration ("VA") received no communication from Ashbaugh between the date of his discharge from service and the date of receipt of his May 8, 1997, claim, and therefore denied the appeal.

The Board rejected Ashbaugh's arguments that (1) 38 U.S.C. § 503 entitled him to equitable relief; (2) he was entitled to a remedy because the VA violated 38 U.S.C. § 7722 by failing to aid him in filing for benefits on discharge; and (3) his medical records and Form DA 664 constituted an informal claim for benefits.

Ashbaugh appealed the decision of the Board to the Veterans' Court, which affirmed the Board. Ashbaugh now appeals the decision of the Veterans' Court to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

Under 38 U.S.C. § 7292(d)(1), we will set aside a regulation or interpretation of a regulation relied upon by the Veterans' Court we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." We review a claim for legal error in the decision of the Veterans' Court without deference. Moody v. Principi, 360 F.3d 1306, 1310 (Fed. Cir. 2004).

The effective date of an award of disability benefits is governed by title 38, section 5110 of the United States Code. It provides in pertinent part:

(a) Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

(b)(1) The effective date of an award of disability compensation to a veteran shall be the day following the date of the veteran's discharge or

release if application therefor is received within one year from such date of discharge or release.

38 U.S.C. § 5110 (2000).

Ashbaugh presents a number of arguments in favor of an August 7, 1973, effective date. Ashbaugh appears to argue that the one-year exception period should be tolled because he was mentally incompetent upon discharge from the military. However, as we held in Andrews, § 5110 is not a statute of limitations and is not subject to tolling. Andrews v. Principi, 351 F.3d 1134, 1138 (Fed. Cir. 2003). However meritorious Ashbaugh's claims, we cannot "waive the express statutory requirements for an earlier effective date for compensation." Id.

Ashbaugh urges that the VA violated 38 U.S.C. § 7722,[1] which directs the VA to aid and assist veterans making claims, by failing to contact him and send him an application form. The Veterans' Court found that "the Secretary has not fulfilled his duty to notify and assist the appellant" in this case. Ashbaugh, No. 02-0683, slip op. at 4. According to Ashbaugh, these failures entitle him to an earlier effective date. As we held in Rodriguez, "nothing in [section 7722(d)] indicates, or even suggests, that the Secretary's failure to provide assistance to a claimant justifies ignoring the unequivocal command in 38 U.S.C. § 5110(a) that the effective date of benefits cannot be earlier than the filing of an application therefor." Rodriguez v. West, 189 F.3d 1351, 1355 (Fed. Cir. 1999); see also Andrews, 351 F.3d at 1137 ("[T]he VA's failure to notify under § 7722(b) and (c)(1) may not serve as the basis for awarding an effective date in

---

[1] The predecessor statute of 38 U.S.C. § 7722 was 38 U.S.C. § 241, which was in effect at the time of Ashbaugh's discharge from the Army. The parties agree that these statutes are essentially the same.

contravention of the statute."). Therefore, even if there were a violation, § 7722 does not provide Ashbaugh with the remedy he desires.

Ashbaugh further argues that the Veterans' Court misinterpreted 38 C.F.R. § 3.1(p), which defines a claim or application as "a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit." As noted above, Ashbaugh submitted DA Form 664 at approximately the time of his discharge from the Army. Ashbaugh argues that 38 C.F.R. § 3.1(p) should be interpreted to include submission of this form because it constitutes an informal claim for benefits, and because he believed at the time he signed the form that the form was a claim for benefits.

We held in Rodriquez that an informal claim must be in writing and must "indicate an intent to apply for one or more benefits under the laws administered by the [VA], and identify the benefits sought." 189 F.3d at 1354 (quotations omitted). The DA Form 664 does not satisfy these requirements, and an applicant's subjective intent to apply for benefits is immaterial. We find no error in the Veterans' Court's interpretation. Ashbaugh's arguments that various telephone calls made on his behalf in 1973 constitute an informal claim fail for the same reason.

Ashbaugh also argues that the VA violated certain provisions of its own Adjudication Procedure Manual. Ashbaugh relies on paragraph 6.09 of the manual. That paragraph deals with what the manual calls informal claims, such as those made by telephone or letter, those written on the incorrect form, or claims constituting evidence of examination at a VA or military hospital. Veterans Benefits Administration, Department of Veterans Affairs, Adjudication Procedures, M21-1, Part IV, ¶ 6.09 (1993)

(hereinafter Adjudication Procedure Manual). Paragraph 6.09 states that a claimant will receive benefits from the date of the informal claim if the correct form is returned within 1 year of the informal claim. Id. This provision does not purport to define "informal claim" for purposes of the regulations. Moreover, even if Ashbaugh made an informal claim in 1973, he did not make a formal claim within one year. No formal claim was made until 1997.

Ashbaugh also relies on paragraph 6.06, which addresses claims for benefits under 38 U.S.C. § 1151. Adjudication Procedure Manual, M21-1, Part IV, ¶ 6.06. 38 U.S.C. § 1151 pertains to disability or death resulting from treatment furnished by a VA employee or at a VA facility. Ashbaugh alleges treatment at an Army hospital. Therefore, paragraph 6.06 is inapplicable to Ashbaugh's case.

Ashbaugh's argument based upon the Rehabilitation Act of 1973 was not raised before the Veterans' Court and will not be considered on appeal. We have considered Ashbaugh's other arguments and find them to be without merit.

CONCLUSION

The decision of the Veterans' Court is affirmed.

COSTS

No costs.