NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7092

AF,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  February 8, 2006

_____

Before LOURIE, RADER, and LINN, Circuit Judges.

LINN, Circuit Judge.

AF appeals from the decision of the Court of Appeals for Veterans Claims ("CAVC") affirming a Board of Veterans' Appeals ("Board") decision that denied AF an effective date earlier than October 23, 1992, for his service connection for post-traumatic stress disorder ("PTSD").  AF v. Principi, 2004 U.S. App. Vet. Claims LEXIS 800, No. 04-112 (Vet. App. Nov. 18, 2004) ("Final Decision").  Because the CAVC did not err in affirming the Board's decision, we affirm.

BACKGROUND

AF served on active duty in the Army from November 1969 to April 1970. In September 1971, AF submitted a claim for disability benefits for an aggravated heart condition. In a rating decision dated August 18, 1971, the Department of Veterans Affairs ("VA") denied his claim. He did not appeal that decision. On June 10, 1981, AF filed a second claim for disability benefits for a heart condition; however, he was denied again by the Board.

On October 23, 1992, AF filed a claim for service connection for "depression based on homosexual rape" and "heart problems" that occurred while in service. After a series of appeals and remands, on October 16, 2001, the VA granted AF's claim for PTSD and rated his claim at 100 percent disability rating with an effective date of October 23, 1992. AF filed a notice of disagreement seeking an earlier effective date of September 14, 1971. The VA denied his request for an earlier effective date because, upon review of the evidence, the record did not show any formal or informal claim for this disability prior to October 23, 1992. On June 20, 2003, the Board affirmed the rating decision. AF thereafter appealed the Board's decision to the CAVC. On November 18, 2004, the CAVC affirmed the decision of the Board concluding that the effective date of a disability award may not be earlier than the date the VA received the claimant's application. AF appeals from the CAVC decision affirming the Board's denial of an earlier effective date.

AF timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

05-7092                                    2

DISCUSSION

A.     Standard of Review

We have limited jurisdiction to review a decision of the CAVC. Although we cannot, absent a constitutional issue, review factual findings or the application of law to fact, see 38 U.S.C. § 7292(d)(2) (we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case"), we may review the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [CAVC] in making the decision." 38 U.S.C. § 7292(a) (2000); Forshey v. Principi, 284 F.3d 1335, 1342 (Fed. Cir. 2002) (en banc). Such legal determinations of the CAVC are reviewed without deference. Prenzler v. Derwinski, 928 F.3d 392, 393 (Fed. Cir. 1991).

B.     Analysis

The effective date of an award of disability benefits is governed by title 38, section 5110 of the United States Code. It provides in pertinent part:

> (a) Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

38 U.S.C. § 5110 (2000).

Relying on equitable principles that support equitable tolling, AF argues that the CAVC erred in denying him an earlier effective date when he was actively misled into not filing his claim for PTSD. AF further argues that the VA did not apply a "liberal interpretation" to his claim because there was no effort made to provide a medical evaluation to assess his condition. Finally, AF argues that it is possible to view his

discussion with the VA employee as the filing of an informal claim under 38 C.F.R. § 3.155(a).

Principles of equitable tolling, as claimed by AF, are not applicable to the time period in 38 U.S.C. § 5110(a). See Andrews v. Principi, 351 F.2d 1134, 1137 (Fed. Cir. 2003). Section 5110(a) expressly precludes an effective date earlier than the filing date. 38 U.S.C. § 5110(a) ("the effective date … shall not be earlier than the date of the receipt of application therefor."); McCay v. Brown, 106 F.3d 1577, 1579 (Fed. Cir. 1997) (commenting on § 5110(a) and stating that "Generally, the effective date can be no earlier than the date of application for such benefits"). Equitable tolling may be applied to toll a statute of limitations "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). However, this is not such a case, as § 5110 does not contain a statute of limitations, but merely indicates when benefits begin and provides for an earlier date under certain limited circumstances. See Andrews, 351 F.3d at 1138 ("Section 5110 addresses the question of when benefits begin to accrue, not whether a veteran is entitled to benefits at all.").

Our decision in McCay v. Brown further supports the denial of an earlier effective date in this case. In McCay, a veteran advanced a theory of equitable estoppel, arguing that he failed to file an application for benefits, because the government denied that there was any connection between his injury and Agent Orange. 106 F.3d at 1581. We held that the doctrine of equitable tolling was inapplicable because McCay was not seeking to toll a statute; rather, he was attempting to obtain retroactive benefits more than one year prior to his filing date. Id. at 1582. Likewise in this case, AF seeks an

effective date earlier than that provided by § 5110(a), and asks us to waive the express statutory requirements for an earlier effective date for compensation. This we cannot do.

Regarding AF's argument that the VA improperly failed to provide him with a medical examination in 1971, we do not have jurisdiction to review a decision of the CAVC on a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a specific case. 38 U.S.C. § 7292(d)(2). AF does not argue that the CAVC misinterpreted any statute or regulation or that any pertinent VA regulation is invalid. Nor does he raise any constitutional issues. To the extent that AF discusses circumstances surrounding the VA's failure to provide him with a medical examination in 1971, his appeal must be viewed as a challenge to either the factual underpinnings of the CAVC's decision or the court's application of law to fact. Under these circumstances, AF's appeal is beyond the scope of our jurisdiction. See Helfer v. West, 174 F.3d 1332, 1335-36 (Fed. Cir. 1999).

Finally, AF's argument that his discussion with the VA employee in 1971 may be viewed as an "informal claim" under 38 C.F.R. § 3.155(a) is not persuasive. An informal claim must be in writing and must "indicate an intent to apply for one or more benefits under the laws administered by the [VA], and identify the benefits sought." Rodriguez v. West, 189 F.3d 1351, 1354 (Fed. Cir. 1999). As the CAVC noted, there is "no … document in the record that could be construed as a claim for a psychiatric disorder and the appellant has not identified such a document." Thus, the CAVC did not err in concluding that AF's purported conversations with the VA employee cannot be considered as an informal claim.

For the foregoing reasons, the CAVC did not err in sustaining the Board's denial of an earlier effective date. Accordingly we <u>affirm</u>.