NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7131

BEN DULIN,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant. Of counsel was Heather Cessna.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director. Of counsel on the brief were David McLenachen, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge John J. Farley III

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7131

BEN DULIN,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  October 5, 2007

_____

Before SCHALL, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

SCHALL, <u>Circuit Judge</u>

DECISION

Ben Dulin appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") denying his claim for service connection for skin cancer.  <u>Dulin v. Nicholson</u>, No.  05-1258, 2006 WL 3895047 (Vet. App. Dec. 1, 2006).  We <u>affirm</u>.

DISCUSSION

I.

Mr. Dulin served on active duty in the United States Army from July 1961 to June 1964. His service medical records indicate no diagnosis or treatment for skin cancer or related symptoms during that time. In November 1995, Mr. Dulin filed a claim for service connection for skin cancer, which he contends was caused by sunburn suffered during his military service. The claim was denied by the Veterans Administration's ("VA") regional office ("RO") in June of 1996. In November 2000, Mr. Dulin sought to reopen his claim, but the RO again denied the claim. In July 2003, after Mr. Dulin submitted additional medical records, the Board remanded the claim to the RO to obtain a medical opinion regarding the potential nexus between Mr. Dulin's skin cancer and his military service.

Mr. Dulin was examined by Dr. Ronnie D. Rasberry, who stated that although sunburn can accelerate the onset of skin cancer, it is a person's cumulative lifetime sun exposure that triggers skin cancer, rather than a single set of events. Accordingly, Dr. Rasberry could not definitively conclude that Mr. Dulin's skin cancer was caused by sun exposure during his three years of military service, and he noted that the exact cause of Mr. Dulin's cancer "cannot be resolved without speculation."

In February 2005 the Board determined that Mr. Dulin's skin cancer was unrelated to his military service, and therefore denied his claim for service connection benefits. The Board emphasized medical evidence of risk factors beyond Mr. Dulin's service-related sun exposure and concluded that the weight of the evidence was against his claim. In re Dulin, No. 02-05 150 (Bd. Vet. App. Feb. 23, 2005). The Veterans Court subsequently affirmed the Board's decision. Dulin, 2006 WL 3895047 at *4. This appeal followed.

II.

Under 38 U.S.C. § 7292(c), this court has exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof." Except for constitutional issues, we may not review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

On appeal, Mr. Dulin asserts that the Veterans Court erroneously interpreted the term "negative evidence" as found in 38 U.S.C. § 5107(b). Because Mr. Dulin challenges the Veterans Court's legal interpretation of a statute, we have jurisdiction under 38 U.S.C. 7292(c). This court reviews "statutory interpretation by the Court of Appeals for Veterans Claims de novo." Andrews v. Principi, 351 F.3d 1134, 1136 (Fed. Cir. 2003).

III.

A claimant for veterans benefits is required to present evidence in support of his or her claim. See 38 U.S.C. § 5107(a) (2000). The VA, in turn, has a duty to assist veterans in obtaining evidence necessary to support their claims. See id. § 5103A.

Evidence relating to a veteran's claim is subject to the "benefit of the doubt" rule, codified at 38 U.S.C. § 5107(b):

> The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

Id. § 5107(b). Under this provision, where the pertinent evidence is in relative equipoise, or "approximate balance," a claimant enjoys the benefit of the doubt and his or her claim for service connection will be granted. However, where the preponderance of the evidence clearly weighs for or against the veteran's claim, i.e., where the positive and negative evidence are not in "approximate balance," the benefit of the doubt rule has no application. See Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001).

IV.

According to Mr. Dulin, the Veterans Court misinterpreted 38 U.S.C. § 5107(b) "when it implicitly concluded that an inadequate record may constitute a preponderance of 'negative evidence.'" Mr. Dulin asks us to hold that, as used in Section 5107(b), the term "negative evidence" cannot be interpreted to include "a lack or absence of evidence." We understand Mr. Dulin to be arguing that, when determining whether there is "an approximate balance of positive and negative evidence" under Section 5107(b) the Veterans Court may not consider as negative evidence the absence of evidence in favor of the veteran. In making this argument, Mr. Dulin relies upon the dissenting statement in Forshey v. Principi, that "[t]he absence of actual evidence is not substantive 'negative evidence.'" 284 F.3d 1335, 1363 (Fed. Cir. 2002). Aside from the fact that dissenting opinions are not binding legal authority, the majority en banc in

<u>Forshey</u> interpreted negative evidence to mean that "which tends to disprove the existence of an alleged fact." <u>Id</u>. at 1358. The absence of evidence in support of an alleged fact clearly is an evidentiary circumstance that weighs against the existence of the alleged fact. In short, to the extent the Veterans Court viewed the lack of evidence in Mr. Dulin's favor as a circumstance amounting to negative evidence, it did not err.

In a related vein, Mr. Dulin argues that a veteran is entitled to disability benefits "in the absence of evidence which negates entitlement to such benefits." This is simply incorrect. Under Section 5107(a), a veteran must adequately present and support his claim for government benefits. If a veteran fails to come forward with evidence in support of his or her claim, the claim fails.

Finally, Mr. Dulin argues that the Veterans Court and the Board erred in not applying the benefit of the doubt rule. This point requires little discussion. Aside from the fact that the argument turns on the application of law to fact, a matter beyond our jurisdiction, it is premised upon Mr. Dulin's view of what may constitute negative evidence under Section 5107(b). As we have explained, that view is incorrect.

For the foregoing reasons, the decision of the Veterans Court affirming the Board's denial of Mr. Dulin's claim for service connection for skin cancer is affirmed.