NEWMAN, Circuit Judge,
concurring in the result.
I agree that Mr. Butler’s claims for earlier effective dates must fail, on the unre-viewable facts. However, he also raises a question of law that requires our attention. The Veterans Court held that the Federal Circuit decision in Andrews v. Principi, 351 F.3d 1134 (Fed.Cir.2003), bars the availability of equitable tolling or extension of the § 5110(b)(1) one-year retroactivity period, whatever the circumstances. That is an incorrect interpretation of our decision, and requires clarification lest the error be perpetuated.
“[Ejquitable tolling is a rule of law that is judge-made, and was specifically mentioned by the VA General Counsel as an example of an issue about which the proponents of the amendment [to 38 U.S.C. § 7292] were concerned.” Morgan v. Principi, 327 F.3d 1357, 1363 (Fed.Cir.2003). This question of law was raised on appeal, for the Veterans Court held that our decision in Andrews precluded waiver of this one-year period for § 5110(b)(1), even if Mr. Butler were given “unlawful” advice on which he relied. The Veterans Court accepted as true Mr. Butler’s statement that VA personnel told him that he could not file a claim while the status of his other-than-honorable discharge was under review by the military record correction board; thus he waited until his record status was corrected, and then filed the claim here at issue. The Veterans Court cited Andrews, where this court stated that “[t]he VA’s failure to notify a veteran pursuant to [38 U.S.C.] § 7722(b) and (c)(1) may not serve as the basis for tolling the time period in § 5110(b)(1).” 351 F.3d at 1137. The Andrews court had drawn an analogy to Rodriguez v. West, 189 F.3d 1351, 1355 (Fed.Cir.1999), which held that the VA’s failure to comply with its duty under 38 U.S.C. § 7722(d) to assist the claimant in preparing and presenting a claim did not entitle the claimant to an effective date earlier than the date on which the claim was filed. The Andrews court explained that the VA’s failure to provide general information to the veteran did not toll the time period in § 5110(b)(1).
In Andrews there was no misinformation or erroneous advice to the veteran by the VA; there was merely an omission in giving the veteran general public information about veterans’ benefits. On this background, the Andrews court stated that “principles of equitable tolling, as claimed *997 by Andrews, are not applicable to the time period in § 5110(b)(1),” 351 F.3d at 1137, while acknowledging that tolling normally applies when a claimant misses a deadline because of “misconduct,” id. at 1137-38. The Andrews court did not hold that equitable tolling is never available for the time period in § 5110(b)(1).
The giving of actual misinformation in response to specific inquiry has been held to warrant equitable tolling, depending on the circumstances. In Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Court stated: “We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary’s misconduct into allowing the filing deadline to pass.” The Court cited examples where tolling had been applied when erroneous information caused the plaintiff to let a critical time period lapse. Id. at 96 n. 4, 111 S.Ct. 453 (citing Glus v. Brooklyn E. Dist. Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), and Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946)). The Court explained that, in contrast, tolling is generally unavailable when a deadline is missed because of a “garden variety claim of excusable neglect.” Id. at 96. Neither Andrews nor Rodriguez departed from these principles. The Veterans Court enlarged Andrews beyond its premises, in holding that tolling of the one-year term of retroactivity under § 5110(b)(1) is never available.
The presumption established by § 5110(b)(1) is not an implementation of a statutory time limit that is “jurisdictional.” See Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (holding that the statutory time limit for filing a notice of appeal from a civil case brought in federal district court is jurisdictional and hence not susceptible to equitable extension); Henderson v. Shinseki, 589 F.3d 1201 (Fed.Cir.2009) (en banc) (extending Bowles holding to apply to the statutory time limit for seeking review of a decision of the Board of Veterans’ Appeals). The presumptive retroactive date achieved by filing a claim within one year after discharge from service does not limit the time in which the veteran can bring a substantive claim for service connection. This presumption does not affect the VA’s ability to adjudicate the claim; it affects only the effective date of compensation if service connection is found. This period is akin to a “nonjurisdictional claim-processing rule,” for it imposes no restriction on a court’s jurisdiction. Such limits are susceptible to waiver and equitable treatment. See, e.g., Eberhart v. United States, 546 U.S. 12, 16, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (time period for a criminal defendant to move for a new trial is a “nonjuris-dictional claim-processing rule”); Kontrick v. Ryan, 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (time limit for creditors to file objections in bankruptcy proceedings is a “claim-processing rule” and not a restriction on the court’s jurisdiction); see also Reed Elsevier, Inc. v. Muchnick, — U.S.-, 130 S.Ct. 1237, 176 L.Ed.2d 17 (2010) (holding that statutory requirement that, with limited exceptions, a copyright holder must register its work before suing for copyright infringement is “a precondition to filing a claim that does not restrict a federal court’s subject-matter jurisdiction”); John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-34, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008) (a statute of limitations “typically permitís] courts to toll the limitations period in light of special equitable considerations” unless the particular statute is deemed “jurisdictional”).
The Andrews decision related to the VA’s failure to notify the veteran of general opportunities and principles, although *998 this information was generally available. Although the Andrews court stated that the one-year retroactive period of § 5110(b)(1) is not a “statute of limitations” to which equitable tolling principles typically apply, 351 F.3d at 1138, Andrews did not involve specific misinformation given in response to individual inquiry. The time period of § 5110(b)(1) is not a jurisdictional restriction, and its blanket immunization from equitable extension, whatever the circumstances, appears to be directly contrary to the legislative purpose. In view of this interpretation by the Veterans Court, the holding in Andrews requires clarification. This question of law is properly before us, and should be addressed.