# United States Court of Appeals for the Federal Circuit

---

**ADOLFO R. ARELLANO,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1073

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-3908.

---

## SUA SPONTE HEARING EN BANC

---

JAMES R. BARNEY, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, for claimant-appellant. Also represented by ALEXANDER EDISON HARDING, KELLY HORN.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

## O R D E R

This case was argued before a panel of three judges on July 6, 2020. A sua sponte request for a poll on whether to consider this case en banc in the first instance was made. A poll was conducted and a majority of the judges who are in regular active service voted for sua sponte en banc consideration.

Accordingly,

IT IS ORDERED THAT:

(1) This case will be heard en banc under 28 U.S.C. § 46 and Federal Rule of Appellate Procedure 35(a). The court en banc shall consist of all circuit judges in regular active service who are not recused or disqualified.

(2) The parties are requested to file new briefs addressing the following four issues:

    A. Does the rebuttable presumption of the availability of equitable tolling articulated in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), apply to 38 U.S.C. § 5110(b)(1), and if so, is it necessary for the court to overrule *Andrews v. Principi*, 351 F.3d 1134 (Fed. Cir. 2003)?

    B. Assuming *Irwin*'s rebuttable presumption applies to § 5110(b)(1), has that presumption been rebutted?

     C. Assuming this court holds that *Irwin*'s rebuttable presumption applies to § 5110(b)(1), would such a holding extend to any additional provisions of § 5110, including but not limited to § 5110(a)(1)?

     D. To what extent have courts ruled on the availability of equitable tolling under statutes in other benefits programs that include timing provisions similar to § 5110?

(3) The opening brief of Appellant Adolfo R. Arellano must be filed within 45 days from the date of this order. The brief of Appellee Secretary of Veterans Affairs is due within 45 days after service of Mr. Arellano's opening brief. Mr. Arellano's reply brief must be filed within 30 days after service of the Secretary's brief. The parties' briefs must comply with Fed. Cir. R. 32(b)(1).

(4) The court invites the views of amici curiae. Any amicus brief may be filed without consent and leave of court. Any amicus brief supporting Mr. Arellano's position or supporting neither position must be filed within 20 days after service of Mr. Arellano's opening brief. Any amicus brief supporting the Secretary's position must be filed within 20 days after service of the Secretary's brief. Amicus briefs must comply with Fed. Cir. R. 29(b).

(5) The court requires 26 paper copies of all briefs and appendices provided by the filer within 5 business days from the date of electronic filing of the document. Administrative Order No. 20-01 does not exempt the filing of these paper copies.

(6) This case will be heard en banc on the basis of the briefing ordered herein and oral argument.

4                                              ARELLANO v. WILKIE

(7)  Oral argument will be scheduled at a later date.


                                   FOR THE COURT

   August 5, 2020              /s/ Peter R. Marksteiner
        Date                    Peter R. Marksteiner
                                Clerk of Court