# United States Court of Appeals for the Federal Circuit

---

**JOHN O. COLAGE,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1536

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-8027, Judge Amanda L. Meredith.

---

Decided:  December 3, 2025

---

JOHN O. COLAGE, North Judson, IN, pro se.

AUGUSTUS GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; BRIAN D. GRIFFIN, RICHARD STEPHEN HUBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CUNNINGHAM, LINN, and STARK, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge*.

John O. Colage appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a Board of Veterans' Appeals ("Board") decision determining that the Department of Veterans Affairs ("VA") properly withheld VA disability compensation to recoup a special separation benefit ("SSB") payment. *Colage v. McDonough*, No. 23-8027, 2024 WL 5218996 (Vet. App. Dec. 26, 2024) *("Decision")*. For the reasons discussed below, we *affirm-in-part* and *dismiss-in-part*.

## I. BACKGROUND

Mr. Colage served on active duty in the U.S. Navy from July 1980 to August 1984 and from May 1986 to July 1992. *Decision* at *1; S. App'x 48.[1] In 1992, upon voluntary separation from service, Mr. Colage elected to receive a lump sum SSB payment of $29,355.48 under 10 U.S.C. § 1174a. *Decision* at *1; S. App'x 50.

In 2017, the VA awarded Mr. Colage disability compensation for several service-connected disabilities and entitlement to a total disability rating based on individual unemployability, effective November 29, 2016. *Decision* at *1; S. App'x 14–41. In December 2017, the VA informed Mr. Colage that it would withhold a portion of his monthly VA benefits to recoup the SSB payment. *Decision* at *1; S. App'x 42. In response, Mr. Colage filed a Notice of Disagreement and argued that SSB payments are statutorily exempt from recoupment. *Decision* at *1; S. App'x 57–63. On January 7, 2020, the VA reduced the recoupment amount from $29,355.48 to $23,484.38 because of federal

---

[1]    We refer to the supplemental appendix filed by the government as "S. App'x" throughout this opinion. ECF No. 13.

taxes but otherwise maintained that it would withhold VA disability compensation to recoup an SSB payment as required by law. *Decision* at *1; S. App'x 94–95.

Mr. Colage subsequently appealed to the Board, arguing that SSB payments, received subject to the provisions in 10 U.S.C. § 1174a, are not subject to recoupment under 10 U.S.C. § 1174(h)(2). S. App'x 102–03; *see Decision* at *2. Mr. Colage also disputed the applicability of a VA general counsel opinion stating that separation pay and disability compensation cannot be received concurrently, arguing that his 1992 SSB payment and his VA disability benefits, awarded in 2017, were not received concurrently. *Decision* at *2; S. App'x 102–03; *id.* at 107–110. On November 8, 2023, the Board concluded that the VA had properly withheld VA disability compensation to recoup Mr. Colage's SSB payment. *Decision* at *2; S. App'x 113–17.

Mr. Colage subsequently appealed the Board's decision to the Veterans Court. S. App'x 11. On November 8, 2024, the Veterans Court affirmed the Board's decision. *Colage v. McDonough*, No. 23-8027, 2024 WL 4719039 (Vet. App. Nov. 8, 2024); *Decision* at *1. Mr. Colage then filed a motion for reconsideration of the Veterans Court decision or, in the alternative, for a panel decision, arguing that the Veterans Court erroneously relied on the language of 10 U.S.C. § 1174(h)(1) rather than that of the statute cited, 10 U.S.C. § 1174(h)(2), and that the VA general counsel opinion did not apply to him. *Decision* at *1; S. App'x 125–31. On December 26, 2024, the Veterans Court granted Mr. Colage's motion for reconsideration, withdrew the November 8, 2024 decision and issued a new decision in its place. *Decision* at *1. The Veterans Court held that 10 U.S.C. § 1174a(g) requires application of 10 U.S.C. § 1174(h)(2) to § 1174a SSB payments. *Decision* at *3–4. Accordingly, the Veterans Court again concluded that Mr. Colage's SSB payments were subject to recoupment and affirmed the Board's decision. *Id.*

Mr. Colage timely appealed.

## II.  DISCUSSION

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c); *Middleton v. Shinseki*, 727 F.3d 1172, 1175 (Fed. Cir. 2013). "We review a statutory interpretation by the [Veterans Court] *de novo*." *Andrews v. Principi*, 351 F.3d 1134, 1136 (Fed. Cir. 2003). "Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and its structure." *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1328 (Fed. Cir. 2005). "If the statutory language is clear and unambiguous, the inquiry ends with the plain meaning." *Myore v. Nicholson*, 489 F.3d 1207, 1211 (Fed. Cir. 2007).

Both parties agree that Mr. Colage's primary argument is that the Veterans Court misinterpreted 10 U.S.C. §§ 1174(h)(2) and 1174a by holding that 10 U.S.C. § 1174(h)(2) applies to and requires recoupment of SSB payments made under 10 U.S.C. § 1174a. *See* Appellant's Br. 3; Appellee's Br. 6.[2] On appeal, Mr. Colage argues that the Veterans Court erred because while 10 U.S.C. § 1174(h)(2) discusses "separation pay under this section," it only pertains to separation pay received under 10 U.S.C. § 1174, not his SSB payments received under 10 U.S.C. § 1174a. Appellant's Br. 5–6 (quoting 10 U.S.C. § 1174(h)(2)) (emphasis omitted). According to Mr. Colage, 10 U.S.C. § 1174(h)(2) does not require recoupment of

---

[2]    We cite to the ECF page numbers.

separation pay issued under other provisions aside from 10 U.S.C. § 1174. *Id.* We disagree.

Section 1174 describes the separation pay received by veterans upon involuntary discharge or release from active duty. 10 U.S.C § 1174. Section 1174(h)(2) provides for the deduction from disability compensation in order to recoup separation, severance, or readjustment payments received. *Id.* § 1174(h)(2). Section 1174a lays out the SSB program, which provides for benefits for veterans who requested voluntary separation. 10 U.S.C § 1174a. Section 1174a(g) states that "[s]ubsections (e) through (h), other than subsection (e)(2)(A), of section 1174 of this title shall apply in the administration of programs established under this section." *Id.* § 1174a(g).

We hold that 10 U.S.C. § 1174(h)(2) applies to benefits received under 10 U.S.C. § 1174a and that separation pay received under 10 U.S.C. § 1174a shall be deducted from VA disability compensation per the requirements of 10 U.S.C. § 1174(h)(2). Section 1174a(g) requires that "[s]ubsections (e) through (h) . . . of section 1174 of this title shall apply in the administration of programs established under this section." 10 U.S.C. § 1174a(g). This statutory language clearly dictates that the requirements of 10 U.S.C. § 1174(h)(2) apply to 10 U.S.C. § 1174a payments. Mr. Colage's proposed interpretation would render section 1174a(g) superfluous or redundant, and thus we reject his interpretation. *Pulsifer v. United States*, 601 U.S. 124, 143 (2024) ("When a statutory construction thus 'render[s] an entire subparagraph meaningless,' . . . the canon against surplusage applies with special force." (quoting *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 128 (2018))). In sum, the plain language of the statute unambiguously requires application of section 1174(h)(2) to section 1174a SSB payments. Therefore, we conclude that the Veterans Court did not err by determining that separation pay received under section 1174a must be deducted from

VA disability compensation, as required by section 1174(h)(2).

Mr. Colage also challenges the legality of 38 C.F.R. § 3.700 and the applicability of the VA general counsel opinion. Appellant's Br. 6–7. However, this Court's "jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" exists only "to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). The Veterans Court's decision did not rely on or address either argument. *Decision* at \*4; *see Smith v. Collins*, 130 F.4th 1337, 1343 (Fed. Cir. 2025). Accordingly, we do not have jurisdiction to review these challenges.

## III. CONCLUSION

We have considered Mr. Colage's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm-in-part* and *dismiss-in-part*.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

## COSTS

No costs.