# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 14-4085

BARRY D. BRAAN, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued June 30, 2016                                    Decided August 26, 2016)

*Landon E. Overby*, with whom *Robert V. Chisholm*, *Sarah K. Barr*, and *Jenna E. Zellmer*, all of Providence, Rhode Island, were on the brief for the appellant.

*Mark D. Gore*, with whom *Leigh A. Bradley*, General Counsel; *Mary Ann Flynn*, Assistant General Counsel; and *Richard A. Daley*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, LANCE, and SCHOELEN, *Judges*.

SCHOELEN, *Judge*: The appellant, Barry D. Braan, through counsel, appeals an October 20, 2014, Board of Veterans' Appeals (Board) decision in which the Board denied the appellant's wife, Ruth Braan, entitlement to Civilian Health and Medical Program of the Department of Veterans Affairs (CHAMPVA) benefits under 38 U.S.C. §1781. Record of Proceedings (R.) at 2-10. This appeal is timely, and the Court has jurisdiction to review the Board's October 2014 decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). This matter was referred to a panel of the Court with oral argument to address whether CHAMPVA benefits extend to a veteran (or veteran's spouse) when the veteran is treated "as if" service connected under 38 U.S.C. § 1151. Additionally, the parties were directed to address whether the veteran has standing to bring a claim before the Court when the veteran seeks CHAMPVA benefits on behalf of his wife. For the reasons discussed below, the Court holds that the Board did not have jurisdiction to decide the matter, and the Board's ultra vires decision will be set aside. Furthermore, because the Court lacks jurisdiction over the merits of the

case, it will dismiss the appeal.

## I. BACKGROUND

Mr. Braan is a veteran who served on active duty in the U.S. Army from October 1970 to October 1972. R. at 24. In March 1995, Mr. Braan underwent a cardiac catheterization procedure. R. at 735. He subsequently submitted a disability compensation claim for a cardiovascular condition. R. at 851-72. In June 1995, the regional office (RO) awarded a 20% disability rating pursuant to 38 U.S.C. § 1151, finding that "the evidence of record indicates the condition is a complication of the cardiac catheterization which [Mr. Braan] underwent on [March 13, 1995]." R. at 535. In May 1998, the RO increased Mr. Braan's disability rating for "aortic aneurysm" to 100%. R. at 363-69.[1]

In March 2010, Mrs. Braan applied for CHAMPVA benefits.[2] An April 2010 decision from the VA Health Administration Center (HAC), addressed to "Ruth M. Braan," stated that Mrs. Braan was not eligible for CHAMPVA benefits because although her "sponsor's disability may have been adjudicated by [VA] as being service connected, . . . VA benefits granted under [section 1151] do not include CHAMPVA . . . ." R. at 1729. In September 2010, Mr. Braan filed a "Privacy Release Form" with his congressional representative on behalf of his wife, requesting an appeal of the denial of CHAMPVA benefits. R. at 320. In October 2010, Mr. Braan's Congressman forwarded a memo and Mr. Braan's Privacy Release Form to VA. R. at 319. In January 2011, the VA HAC issued a Statement of the Case (SOC) in Mrs. Braan's appeal, but addressed the SOC's cover letter to Mr.

---

[1] Mr. Braan's cardiac disability was originally identified as "status post aortic dissection, descending thoracic, aorta." R. at 535. In May 1998, the RO identified his disability as an "aortic aneurysm" and granted him a 100% rating. R. at 363-69. A June 2010 RO certification identifies Mr. Braan as having a permanent and total disability rating with an effective date of December 1, 2007. R. at 322. Later documents from 2013 and 2014, including the decision on appeal, continued Mr. Braan's 100% permanent and total rating, but again characterized the appellant's condition as "status post aortic dissection, descending thoracic, aorta." R. at 7, 137. The Court is satisfied that VA used these disability descriptions interchangeably and that Mr. Braan currently has a 100% permanent and total disability rating for his cardiac condition.

[2] The application for CHAMPVA benefits (VA Form 10-10d) lists Ruth Braan as the "applicant" and Mr. Braan as the "sponsor." R. at 1732. Boxes are provided below the signature line for information regarding the signer if the signer is "a person other than an applicant," and the boxes are filled out with Mr. Braan's information and signature. *Id.* Despite the presence of Mr. Braan's signature, the appellant concedes that Mrs. Braan was the original applicant. Appellant's Response at 3 ("Although Mrs. Braan initially filed a claim for CHAMPVA benefits, the [appellant] was listed as the sponsor and signed the form.").

Braan's address and evidently construed his Privacy Release Form as a Notice of Disagreement (NOD). R. at 1703-08 ("Dear Mr. Braan, . . . [w]e have carefully reviewed the correspondence and supporting documentation in which you disagree with our decision that you are not a qualifying sponsor . . . .").

In January 2012, Mr. Braan filed a VA Form 9, purporting to appeal the CHAMPVA benefits denial on behalf of his wife. R. at 294. In the VA Form 9, Mr. Braan stated: "As a 100% disabled vet[eran] I am entitled to CHAMPVA benefits for my spouse. [Section] 1151 claims are to be treated as service connected." *Id.*

In the October 20, 2014, decision on appeal, the Board identified the appeal as Mr. Braan's and concluded that *Mrs. Braan* was not entitled to CHAMPVA benefits because although section 1151 provides that Mr. Braan's total and permanent disability is treated "as if" it were a service-connected disability, the disability was not actually "incurred in or aggravated . . . in [the] line of duty in the active military, naval, or air service." R. at 6-7 (quoting 38 U.S.C. § 101(16)).

As support for its conclusion, the Board pointed to a VA General Counsel advisory opinion (VAOPGCADV 22-97 (July 31, 1997)) stating that section 1151's "quasi-service-connection" provides monetary compensation only under chapters 11 or 13 of title 38. R. at 7. Because entitlement to CHAMPVA is provided under chapter 17 (section 1781), the Board reasoned that CHAMPVA benefits may not be paid pursuant to section 1151. *Id.* The Board also cited *Mintz v. Brown*, 6 Vet.App. 277 (1994), for the proposition that section 1151's "as-if" service connection creates entitlement only under chapters 11 and 13. R. at 8.

Subsequently, Mr. Braan appealed the Board's decision to this Court. On June 6, 2016, the Court issued an order directing Mrs. Braan, within 7 days of the order, to "file a motion to intervene as an appellant, if she desires to do so." 06/06/16 Order to Intervene at 1 (citing *Padgett v. Peake*, 22 Vet.App. 159, 162 (2008) (en banc) (noting that in order to have standing before this Court, litigants generally must establish the requisite personal interest in the outcome); U.S. Vet. App. R. 43(b) ("If substitution of a party in the Court is necessary for any reason other than death, the Court may order substitution on its own initiative or on a party's motion."); *cf.* FED. R. CIV. P. 17(a)(3) ("The Court may not dismiss an action for failure to prosecute in the name of the real party in interest until . . . a reasonable time has been allowed for the real party in interest to ratify,

3

join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."); FED. R. CIV. P. 24(b)(1)(B) (providing for permissive intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact")). Mrs. Braan did not file a motion to intervene.

## II. THE PARTIES' ARGUMENTS

CHAMPVA, generally, is a "health benefits program in which [VA] shares the cost of certain health care services and supplies with eligible beneficiaries." CHAMPVA Supplemental Insurance Plan Features, http://champva.us/, at 1. Specifically, 38 U.S.C. § 1781 provides, in relevant part:

> (a) The Secretary is authorized to provide medical care, in accordance with the provisions of subsection (b) of this section, for –
>
> > (1) the spouse or child of a veteran who has a total disability, permanent in nature, resulting from a service-connected disability . . . .

38 U.S.C. § 1781(a). Mr. Braan argues that he is a qualified sponsor for CHAMPVA purposes because he is treated as if he had a service-connected disability under 38 U.S.C. § 1151. That statute provides, in relevant part:

> (a) Compensation under this chapter and dependency and indemnity compensation under chapter 13 of this title shall be awarded for a qualifying additional disability or a qualifying death of a veteran in the same manner as if such additional disability or death were service-connected. For purposes of this section, a disability or death is a qualifying additional disability or qualifying death if the disability or death was not the result of the veteran's willful misconduct and—
>
> > (1) the disability or death was caused by hospital care, medical or surgical treatment, or examination furnished the veteran under any law administered by the Secretary, either by a Department employee or in a Department facility as defined in section 1701(3)(A) of this title . . . .

38 U.S.C. § 1151(a).

As to the issue of standing, Mr. Braan maintains that he has standing to bring the CHAMPVA denial appeal on behalf of his wife because he was "'adversely affected'" by a final Board decision (Appellant's Response at 2 (quoting 38 U.S.C. § 7266(a))) when the Board denied his status as a qualifying sponsor for CHAMPVA benefits under 38 U.S.C. § 1781. Appellant's

Response at 2-3. As support for this position, Mr. Braan highlights the Board's statement that "'quasi-service-connected' status . . . under section 1151 . . . is not a basis for determining that the veteran is also an eligible CHAMPVA sponsor, for purposes of section 1781." *Id.* at 3 (quoting R. at 8). Mr. Braan also states that he has standing because his CHAMPVA sponsor status is his own legal right and not his wife's. *Id.*

Mr. Braan asserts that "Mrs. Braan's entitlement to CHAMPVA benefits and [his] entitlement to qualifying sponsor status" are "one issue," and VA has treated the case as such throughout the appeals process. *Id.* at 5. Mr. Braan argues that if the Court decides he does not have standing, the Court should nevertheless reach the merits of the case by exercising its "inherent constitutional power to administer equitable remedies." *Id.* (quoting *Gazaille v. McDonald*, 27 Vet.App. 205, 213 (2014) (Greenberg, J., concurring)).

The Secretary argues that Mr. Braan *does not* meet the "case or controversy" requirement under Article III of the U.S. Constitution[3] because there is no "injury in fact."[4] Secretary's Response at 2-3. The Secretary asserts that there is no injury in fact because the CHAMPVA benefits belong to Mr. Braan's wife and not to Mr. Braan. *Id.* at 3-4. The Secretary then asserts that even if the Court were to find that Mr. Braan suffered an injury in fact, he would need to establish third-party standing in order to bring the appeal – which the Secretary claims Mr. Braan cannot establish because (1) Mr. Braan, who wishes to assert the right, cannot establish a "close relationship with the person who possesses the right"[5]; and (2) there is nothing hindering Mrs. Braan from protecting her own interests. *Id.* at 6-7 (citing *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004); *In re Stanley*, 9 Vet.App. 203, 213 (1996)). Furthermore, the Secretary states that even if the Court decides that Mr. Braan does not have standing, there may be procedural remedies that allow the appeal to move

---

[3] Though this is an Article I Court, it has adopted the case-or-controversy requirements of Article III courts. *See Mokal v. Derwinski*, 1 Vet.App. 12 (1990).

[4] Under Article III, constitutional standing is present when (1) there is an injury in fact (defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"); (2) the alleged injury is causally related to the conduct of the defendant; and (3) it is likely that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) (citations omitted).

[5] The Secretary alleges that in this context, a "close relationship" exists when the "third-party and the would-be plaintiff are related such that the challenged conduct, as to the would-be plaintiff, serves to impair rights held by the third party." Secretary's Response at 6 (citing *Kowalski v. Tesmer*, 543 U.S. 123, 130 (2004)).

forward, depending on how the Court chooses to characterize Mr. Braan's lack of standing. *Id.* at 7-13.

## III. ANALYSIS

### A. Law

A "claim" is a written request for "determination of entitlement . . . to a specific benefit." 38 C.F.R. § 3.1(p) (2016); *see also* 38 C.F.R. § 20.3(f) (2016) (defining "claim" as an "application made under title 38, United States Code, and implementing directives for entitlement to [VA] benefits"). Claims for benefits are submitted to and adjudicated by the RO, which renders a decision on behalf of the Secretary. *See* 38 U.S.C. § 5103(a) (noting that the Secretary shall take certain action "[u]pon receipt of a complete or substantially complete application" for benefits). Once the RO makes its initial determination as to whether the claimant is entitled to benefits, the claimant (or the claimant's authorized representative) may file an NOD in order to begin the appeal. 38 U.S.C. § 7105(a) ("Appellate review will be initiated by a[n] [NOD] . . . ."); 38 U.S.C. § 7105(b)(2) ("[NODs], and appeals, must be in writing and may be filed by the claimant, the claimant's legal guardian, or such accredited representative, attorney, or authorized agent as may be selected by the claimant or legal guardian."). The request for "[a]ppellate review will be . . . completed by a [S]ubstantive [A]ppeal after a[n] [SOC] is furnished as prescribed in [section 7105]." 38 U.S.C. § 7105(a). The law requires that an SOC be mailed directly to the claimant. 38 U.S.C. § 7105(d)(3) ("Copies of the [SOC] . . . will be submitted to the claimant and to the claimant's representative, if there is one.").

"When a claim is properly appealed to the Board, the Board is vested with the jurisdiction to review '[a]ll questions in a matter which under section 511(a) of [title 38] is subject to a decision of the Secretary.'" *Jarrell v. Nicholson*, 20 Vet.App. 326, 331 (2006) (en banc) (quoting 38 U.S.C. §§ 7104(a), 7105(a)) (citing *Bernard v. Brown*, 4 Vet.App. 384, 390-91 (1993)). However, nothing in an NOD or Substantive Appeal could confer jurisdiction upon the Board over a claim that the Board was never authorized to hear in the first place. *See id.* at 331. Furthermore, "it is axiomatic that in the absence of legislation authorizing otherwise, jurisdiction cannot be conferred – nor can the lack of jurisdiction be waived – by the parties." *Id.* (citations omitted); *see Smith v. Brown*, 10 Vet.App. 330, 334 (1997) (vacating as ultra vires a Board decision issued without jurisdiction and

dismissing appeal); *see also Plaquemines Port, Harbor & Terminal Dist. v. Fed. Mar. Comm'n*, 838 F.2d 536, 542 n.3 (D.C. Cir. 1988) (stating that abandonment of jurisdictional issues does not confer jurisdiction where none exists and that "[a]gency jurisdiction, like subject matter in the federal courts, cannot be achieved by consent of the parties").

## B. Application of Law to Facts

The parties offer different procedural approaches to address the standing issue in this case. Mr. Braan claims that he has standing to appeal his wife's CHAMPVA benefits denial because his status under section 1151 is at issue. Appellant's Response at 3. The Secretary claims that the appellant does not have Article III standing, but that if the Court were to find that Mr. Braan did have such standing, the Court should substitute Mrs. Braan for Mr. Braan in the appeal because (1) she is a proper beneficiary for CHAMPVA purposes; (2) she filed the original claim, and (3) replacing his name with hers on the appeal would amount to little more than a clerical correction.[6] Secretary's Response at 7-13. However, both approaches, given the facts of this case, would be legally flawed.

The facts before the Court are clear: Mrs. Braan filed the original CHAMPVA application with the VA HAC, as evidenced by the fact that her name and contact information is written under the "applicant" section of the VA Form 10-10d.[7] R. at 1732. After the VA HAC denied benefits to Mrs. Braan, Mr. Braan filed a Privacy Release Form through his Congressman. R. at 320. The Congressman forwarded Mr. Braan's Privacy Release Form, along with a letter signed by the Congressman alleging error in denying the claim, to the VA HAC. R. at 315, 319. The VA HAC treated the Privacy Release Form and the Congressman's letter as an NOD and issued an SOC. R. at 1703. Although the SOC was in Mrs. Braan's name (R. at 1705), the cover letter attached to

---

[6] The Secretary argues that substitution would be proper under Rule 17(a)(3) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). The Court notes that the Federal Rules are only persuasive, and that substitution would occur here under Rule 43(b) of this Court's Rules of Practice and Procedure. U.S. VET. APP. R. 43(b) ("If substitution of a party in the Court is necessary for any reason other than death, the Court may order substitution on its own initiative or on a party's motion.").

[7] Notably, Mr. Braan never argues that he filed an original claim or that he was somehow an appropriate representative. He states, in no uncertain terms, that "Mrs. Braan initially filed a claim for CHAMPVA benefits" and that he attempted to appeal on her behalf because the matter is "one issue." Appellant's Response at 3-5.

the SOC was addressed to Mr. Braan, and reads, in relevant part:

> Dear Mr. Braan:
>
> The [VA HAC] has received a request regarding your spouse's denial of CHAMPVA eligibility through Congressman Steny Hoyer's office. We have carefully reviewed the correspondence and supporting documentation *in which you disagree* with our decision that you are not a qualifying sponsor and the following has been determined . . . a permanent and total disability rating under [section 1151] may not be used as a basis for determining the veteran an eligible sponsor under [CHAMPVA].

R. at 1703 (emphasis added). The VA HAC's mailing of the SOC to Mr. Braan, rather than Mrs. Braan, was improper. *See* 38 U.S.C. § 7105(d)(3) ("Copies of the [SOC] . . . will be submitted to the claimant and to the claimant's representative, if there is one."). Moreover, after the SOC was mailed to Mr. Braan, he, not Mrs. Braan, filed a Substantive Appeal (VA Form 9). When Mr. Braan took this step (if not when he sought assistance from his Congressman), he effectively became an interloper. *See* BLACK'S LAW DICTIONARY 820 (7th ed. 1999) (defining an interloper as "[o]ne who interferes without justification"). The Board not only failed to identify this defect, it captioned the appeal before it as Mr. Braan's own appeal.

Because Mr. Braan, as an interloper, did not have the right to pursue Mrs. Braan's claim, the Board did not have jurisdiction to hear his appeal of her claim, and, because Mr. Braan had not submitted a claim, the Board lacked the authority to decide his claim in the first instance. *See* 38 U.S.C. § 7105(a) ("Appellate review will be initiated by a[n] [NOD] and completed by a [S]ubstantive [A]ppeal after a[n] [SOC] is furnished as prescribed in this section."); *Jarrell* and *Smith*, both *supra*. Accordingly, the Board did not have jurisdiction to hear Mr. Braan's appeal. *Brannon v. West*, 12 Vet.App. 32, 34-35 (1998) (holding that in the absence of an NOD, the Board lacks jurisdiction). Because the Board did not have jurisdiction, the Court also has no jurisdiction. *See Jarrell* and *Smith*, both *supra*; *Tablazon v. Brown*, 8 Vet.App. 359, 361 (1995) ("Thus, where VA has failed to procedurally comply with statutorily mandated requirements, a claim does not become final for purposes of appeal to the Court.").[8]

---

[8] Because the record of proceedings does not contain any evidence that Mrs. Braan's claim was ever placed in appellate status, the Court makes no finding as to the status or the merits of that claim, and, because Mrs. Braan was provided the opportunity to intervene but chose not to, we will not further entertain the Secretary's argument that Mrs. Braan should be substituted in the appeal. The Court notes, however, that it is unclear whether Mrs. Braan ever received notice of the SOC or the Board decision.

The Court leaves for another day whether a CHAMPVA sponsor may ever be a proper claimant for CHAMPVA benefits that are otherwise due his or her spouse or other qualifying dependent; however, it is undoubtedly improper for a CHAMPVA sponsor to wade into the appeals stream on behalf of a CHAMPVA beneficiary when that beneficiary has already filed the initial claim. Accordingly, the Court holds that the Board did not have jurisdiction to hear the appeal, and the Board's ultra vires decision must be set aside as a nullity and the appeal dismissed. *See Breslow v. Brown*, 5 Vet.App. 560, 562 (1993) ("'A void judgment is one which, from its inception, was a complete nullity and without legal effect.'" (quoting *Hooks v. Hook*, 771 F.2d 935, 949 (1985))); *see also Smith*, *supra*.

## IV. CONCLUSION

The Court holds that the Board's October 20, 2014, decision was ultra vires and a nullity because the Board never had jurisdiction over the appeal, and the Court therefore lacks jurisdiction over the merits of the appeal. Accordingly, the Board's October 20, 2014, ultra vires decision is SET ASIDE, and the appeal is DISMISSED.