# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 14-1235

CAROLYN K. HOLLE, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided          June 10, 2016)

*Marshall E. Jackson, Jr.*, of Washington, D.C., was on the brief for the appellant.

*Leigh A. Bradley*, General Counsel; *Mary Ann Flynn*, Chief Counsel; *Thomas E. Sullivan*, Deputy Chief Counsel; and *Ronen Z. Morris*, Senior Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

Before DAVIS, SCHOELEN, and PIETSCH, *Judges*.

SCHOELEN, *Judge*: The pro se appellant, Carolyn K. Holle, appeals a March 26, 2014, Board of Veterans' Appeals (Board) decision in which the Board denied eligibility for benefits through the Civilian Health and Medical Program of the Department of Veterans Affairs (CHAMPVA) from December 1, 2004, through May 31, 2009. Record of Proceedings (R.) at 2-7. This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). This appeal presents two issues of first impression before this Court; specifically, (1) whether enrollment in Medicare Part B is a precondition to CHAMPVA eligibility, and (2) whether the principle of equitable tolling applies to CHAMPVA's Medicare Part B enrollment deadlines. For the following reasons, the Court will affirm the Board's March 2014 decision.

# I. BACKGROUND

The appellant, Carolyn K. Holle, is the spouse of veteran Norman L. Holle. R. at 497. The veteran served on active duty in the U.S. Army from April 1962 to April 1965. R. at 915-16. An August 2002 rating decision found the veteran was entitled to a total disability rating based on individual unemployability because his post-traumatic stress disorder (PTSD) rendered him unemployable. R. at 277-80.

In November 2002, Mrs. Holle applied for CHAMPVA benefits, indicating that she was born on June 22, 1944, and that her husband was rated permanently and totally disabled from a service-connected disability. R. at 873. In December 2002, Mrs. Holle received a letter from the VA Health Administration Center (HAC) informing her that she was eligible for CHAMPVA benefits and explaining how to apply. R. at 872. The letter informed her that a new CHAMPVA handbook was enclosed and that a handbook supplement would be mailed separately. *Id.*

In May 2005, the Social Security Administration (SSA) awarded Mrs. Holle disability benefits. R. at 849-54. An April 2009 correspondence between the HAC and Mrs. Holle indicates that Mrs. Holle was enrolled in Medicare Part A as of December 1, 2004, and in Medicare Part B as of June 1, 2009. R. at 871. In a May 2009 letter, the HAC notified Mrs. Holle that she had "a break or ineligible period of coverage." R. at 857. The letter explained that, pursuant to the eligibility criteria outlined in the CHAMPVA handbook, Mrs. Holle was ineligible for CHAMPVA benefits during the period she was not enrolled in Medicare Part B. *Id.* Accordingly, the letter informed Mrs. Holle that she would receive an invoice for any CHAMPVA monetary benefits received during the period of ineligibility. *Id.*

After an inquiry from Mrs. Holle's Congressman, the HAC explained that when the SSA granted Mrs. Holle disability compensation in May 2005, she was "automatically enrolled in Medicare Part A and Part B, effective December 2004; however, she terminated her Part B Coverage." R. at 855. Because she did not enroll in Medicare Part B again until June 2009, she was ineligible for CHAMPVA for the period while she was not enrolled in Medicare Part B, from December 1, 2004, through May 31, 2009. *Id.* The letter noted that the eligibility criteria were included in the CHAMPVA handbook that Mrs. Holle would have received in 2002 and 2004. *Id.*

In June 2009, Mrs. Holle submitted a statement asserting that she had had a stroke that

2

"caused memory loss and made it difficult for day[-]to[-]day living." R. at 847. She also stated that she "did not know that [she] should be using Part B" and indicated that her husband's PTSD prevented him from helping her. *Id.* In September 2009, the HAC issued a Statement of the Case. R. at 829-34.

In October 2009, Mrs. Holle submitted another statement asking to appeal the CHAMPVA decision. R. at 826. Mrs. Holle again asserted that her stroke has left her with "severe memory problems" and that "[she] did not even know that [she] needed to have Medicare." *Id.*

In August 2010, Mr. and Mrs. Holle testified at a Board hearing. R. at 789-800. They testified that neither was aware that Mrs. Holle needed to be enrolled in Medicare Part B to retain her eligibility for CHAMPVA benefits and that because of their "severe head problems . . . it never once dawned on [them]" that they needed Medicare. R. at 793. The veteran stated that it would have been better for them to have had Medicare because it would have been easier to find doctors and that they never intended to do anything wrong. *Id.* The veteran also indicated that they had brought to the hearing statements from doctors attesting to the severity of their individual mental disabilities – in particular that Mrs. Holle struggles with short-term memory. R. at 791.

In the March 2014 decision on appeal, the Board noted that "the legal criteria in the case are clear and the pertinent facts are not in dispute." R. at 6. The Board noted that the CHAMPVA criteria require that Mrs. Holle be enrolled in Medicare Part B, and that from December 1, 2004, through May 31, 2009, Mrs. Holle was not enrolled in Medicare Part B. *Id.* The Board expressed sympathy for Mrs. Holle's situation but concluded that "there is simply no legal provision pursuant to which the Board may grant the benefits sought." *Id.* The Board also found that the notice and assistance requirements of the Veterans Claims Assistance Act (VCAA) are not applicable in this case because the law and not the evidence is dispositive of the appellant's eligibility for CHAMPVA benefits. *Id.* Therefore, the Board denied Mrs. Holle's claim. *Id.* This appeal followed.

## II. THE PARTIES' ARGUMENTS

Mrs. Holle argues that although she was not enrolled in Medicare Part B from December 1, 2004, through May 31, 2009, she is entitled to equitable tolling of "her December 1, 2004, filing of her enrollment in Medicare Part B." Appellant's Brief (Br.) at 4. Mrs. Holle argues that she suffers

from severe mental and physical conditions that inhibited her ability to understand the requirements for CHAMPVA eligibility and properly enroll in Medicare Part B during the period at issue, despite the exercise of reasonable diligence. *Id.* at 15. Consequently, she argues that she is entitled to equitable tolling of the December 1, 2004, filing date of her enrollment in Medicare Part B. *Id.* at 18. Alternatively, she argues that the Board failed to satisfy the duty to assist by not developing the record adequately regarding her entitlement to equitable tolling. *Id*. at 18-20.

The Secretary argues that under 38 U.S.C. § 1781, Mrs. Holle was required to enroll in Medicare Part B to be eligible for CHAMPVA benefits. Secretary's Br. at 5. The Secretary asserts that Mrs. Holle's equitable tolling argument is misplaced for three reasons: (1) This case does not concern the ability to bring or prosecute an appeal; (2) there is no deadline to be tolled; and (3) to the extent Mrs. Holle seeks equitable relief, the Court lacks authority to waive a statutory and regulatory precondition to the receipt of CHAMPVA benefits. *Id.* at 5.

## III. ANALYSIS

### A. Statutory Interpretation

This case calls upon the Court to interpret the statutory provisions related to CHAMPVA eligibility under 38 U.S.C. § 1781. The Court reviews VA's interpretation of statutes and regulations de novo. *See Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003) ("[I]nterpretation of a statute or regulation is a question of law . . . ."); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (stating that the Court reviews "questions of law de novo without any deference to the [Board's] conclusions of law"). The Court must first analyze the language of the authorizing statute and determine "whether Congress has directly spoken to the precise question at issue." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc*., 467 U.S. 837, 842 (1984). Statutory terms are interpreted "'in their context and with a view to their place in the overall statutory scheme.'" *Tyler v. Cain*, 533 U.S. 656, 662 (2001) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). If, employing the traditional tools of statutory construction, the Court finds that the "intent of Congress is clear, that is the end of the matter; for the [C]ourt, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43. On the other hand, if the Court concludes that "the statute is silent or ambiguous with respect to the specific issue, the

question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843.

Pursuant to 38 U.S.C. § 1781, VA is authorized to provide medical care for the survivors and dependents of certain veterans through the CHAMPVA program. 38 U.S.C. § 1781; 38 C.F.R. § 17.271 (2015). For this program, eligible persons include the spouse or child of a veteran who has been adjudicated by VA as having a permanent and total service-connected disability. *Id.* In addition to this requirement, section 1781(d)(1)(A) requires that

> [a]n individual otherwise eligible for medical care under this section who is also entitled to hospital insurance benefits under part A of the medicare program is eligible for medical care under this section only if the individual is also enrolled in the supplementary medical insurance program under part B of the medicare program.

38 U.S.C. § 1781(d)(1)(A). Furthermore, section 1781 (d)(1)(B) states:

> The limitation in subparagraph (A) does not apply to an individual who –
>
> (i) has attained 65 years of age as of June 5, 2001; and
>
> (ii) is not enrolled in the supplementary medical insurance program under part B of the medicare program as of that date.

38 U.S.C. § 1781(d)(1)(B).

The Court's analysis begins with the language of the specific provision at issue, 38 U.S.C. § 1781(d)(1)(A). *See Myore v. Nicholson*, 489 F.3d 1207, 1211 (Fed. Cir. 2007) ("'Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and structure.'" (quoting *McEntee v. M.S.P.B.*, 404 F.3d 1320, 1328 (Fed. Cir. 2005))). Pursuant to this provision, an individual who satisfies the other requirements for the program and is entitled to hospital insurance benefits under Medicare Part A "is eligible for medical care under [] section [1781(d)(1)(A)] *only if the individual is also enrolled in the supplementary medical insurance program under Part B of the medicare program.*" 38 U.S.C. § 1781(d)(1)(A) (emphasis added). Here, the plain meaning of the word "only" as "solely" or "exclusively" creates a mandatory prerequisite to CHAMPVA eligibility: Even if a claimant satisfies the other eligibility criteria, he or she is eligible for CHAMPVA benefits "only if" the claimant is also "enrolled" in Medicare Part B. *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 812 (10th ed. 1999) (defining "only" as a single fact or instance and nothing more; solely, exclusively). Furthermore, the plain

meaning of the phrase "is also enrolled in" signifies a current and ongoing state of enrollment, in essence providing an individual who is otherwise qualified for CHAMPVA benefits with an ongoing Medicare Part B enrollment obligation. *See* OXFORD ENGLISH DICTIONARY 276-77 (2d ed. 1989) (defining "enroll" as "to incorporate as a registered or acknowledged member").

The Court notes that section 1781 includes an exemption. Under section 1781(d)(1)(B), the Medicare Part B requirement in subparagraph A does not apply to an individual who "has attained 65 years of age as of June 5, 2001," and "is not enrolled in the supplementary medical insurance program under part B of the medicare program as of that date." Mrs. Holle does not argue, and the facts do not suggest, that she qualifies for this exemption. Therefore, the Court holds that the statutory language creates a clear requirement that a claimant be enrolled in Medicare Part B to be eligible for CHAMPVA benefits unless that claimant satisfies one specific exemption. *See Ventas, Inc. v. United States*, 381 F.3d 1156, 1161 (Fed. Cir. 2004) ("Where Congress includes certain exceptions in a statute, the maxim *expressio unius est exclusio alterius* presumes that those are the only exceptions Congress intended."); *McCray v. McGee*, 504 A.2d 1128, 1130 (D.C. 1986) (quoting 2A SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION § 47.23 (4th ed. 1984) for the proposition that, "when a legislature makes express mention of one thing, the exclusion of others is implied, because 'there is an inference that all omissions should be understood as exclusions'"); *see also Haines v. West*, 154 F.3d 1298, 1301-02 (Fed. Cir. 1998) ("A party 'cannot rely upon the generous spirit that suffuses the law generally to override the clear meaning of a particular provision.'" (quoting *Smith v. Brown*, 35 F.3d 1516, 1525 (Fed. Cir. 1994))).

In the decision on appeal, the Board properly articulated and applied the legal standard set forth in sections 1781(d)(1)(A) and (B). The Board noted that in order to receive CHAMPVA benefits, Mrs. Holle needed to be enrolled in Medicare Part B, but did not enroll until June 1, 2009. R. at 6, 855. The Board further found that Mrs. Holle did not qualify for the exemption enumerated in section 1781(d)(1)(B) because "she [only] reached the age of 65 on June 22, 2009." *Id.* Mrs. Holle does not dispute either finding of fact. The Court concludes that the Board properly interpreted the statute regarding Mrs. Holle's CHAMPVA eligibility.

B. Equitable Tolling

Equitable tolling is a tool used to grant relief when a potential appellant fails to file suit within a statutory limitations period. *See* 51 AM. JUR. 2D *Limitation of Actions* § 153 (2016) ("Equitable tolling . . . allows a [party] to initiate an action beyond the statute of limitations deadline . . . ."). As Mrs. Holle herself correctly points out, equitable tolling is appropriate in cases where *timely filing of a Notice of Appeal (NOA)* is precluded by circumstances such as "(1) mental illness rendering one incapable of handling one's own affairs or other extraordinary circumstances beyond one's control, (2) reliance on the incorrect statement of a VA official, or (3) a misfiling at the regional office or the Board." Appellant's Br. at 4 (quoting *Sneed v. Shinseki*, 737 F.3d 719, 723 (Fed. Cir. 2013)); *see generally Henderson v. Shinseki*, 131 S. Ct. 1197, 1206 (2011); *Bove v. Shinseki*, 25 Vet.App. 136, 140 (2011) (per curiam).

Mrs. Holle acknowledges that she was not enrolled in Medicare Part B from December 2004 through May 2009. Rather, she suggests that although she does not satisfy the Medicare Part B requirement, her extreme medical disabilities constitute an extraordinary circumstance under which she should be allowed to benefit from CHAMPVA. Specifically, she argues that she is entitled to equitable tolling of the "NOA" deadline "due to the extraordinary circumstances she faced during the [r]elevant [p]eriod and continues to face today." Appellant's Br. at 15-16. She further argues that her physical and mental disabilities warrant "additional time . . . to file for Medicare Part B to continue to have full CHAMPVA benefits." *Id.* at 6.

Mrs. Holle's argument that she is entitled to equitable tolling is misplaced. Mrs. Holle takes great pains to describe her medical conditions – which are indeed severe – and to explain how they prevented her from enrolling in Medicare Part B. However, although Mrs. Holle characterizes her request as a request to toll an NOA deadline, what Mrs. Holle asks the Court to toll is "her December 1, 2004, filing [date] of her enrollment in Medicare Part B." Appellant's Br. at 4, 18. The Court cannot grant the requested relief.

In other contexts, both the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) and this Court have refused to apply equitable tolling principles to statutes and regulations that merely indicate when benefits may begin. For example, in *Andrews v. Principi*, 351 F.3d 1134, 1137-38 (Fed. Cir. 2003), and *Rodriguez v. West*, 189 F.3d 1351, 1354-55 (Fed. Cir. 1999), the Federal

Circuit held that 38 U.S.C. § 5110, which governs the effective date of the payment of benefits, does not contain a statute of limitations. The Federal Circuit unequivocally stated that "[section] 5110 does not contain a statute of limitations, but merely indicates when benefits may begin and provides for an earlier date under certain limited circumstances . . . . Section 5110 addresses the question of when benefits begin to accrue, not whether a veteran is entitled to benefits at all." *Andrews*, 351 F.3d at 1137-38.

In *Edwards v. Peake*, this Court relied on *Andrews* and *Rodriguez* to hold in other contexts that the period for submitting evidence is not subject to equitable tolling. 22 Vet.App. 29, 36 (2008), *aff'd sub nom. Edwards v. Shinseki*, 582 F.3d 1351 (Fed. Cir. 2009). Specifically, the Court held that the period for submitting additional evidence in connection with a claim that has been denied, *see* 38 C.F.R. § 3.156(b) (2015), is not a statute of limitations that may be equitably tolled, concluding that "[Mr. Edwards] . . . [wa]s 'ask[ing] this [C]ourt to waive the express statutory requirements for an earlier effective date for [service connection], which we cannot do.'" *Id*. at 36-37 (quoting *Andrews*, 351 F.3d at 1138).

In this case, the statutes and regulations at issue in *Andrews*, *Rodriguez*, and *Edwards* are instructive. Like section 5110 and § 3.156(b), section 1781 merely indicates when CHAMPVA benefits may begin – after an individual enrolls in Medicare Part B. Conspicuously absent from section 1781 is any language denoting a statute of limitations that the Court can equitably toll. Accordingly, the Court holds that CHAMPVA's enrollment requirements cannot be construed as a statute of limitations and, therefore, are not subject to equitable tolling.

In December 2004, after Mrs. Holle was deemed eligible for CHAMPVA benefits, she terminated her enrollment in Medicare Part B. Although Mrs. Holle provides a detailed discussion of equitable tolling precedents, Mrs. Holle fails to explain how the principle of equitable tolling may be applied to her December 2004 filing terminating Medicare Part B. Simply put, there is no mechanism permitting this Court to equitably toll CHAMPVA's statutory enrollment requirements. *See generally Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414 (1990).

Finally, to the extent Mrs. Holle's argument may be construed as seeking equitable relief from this Court, the Court is unable to provide such a remedy. The Court sympathizes with Mrs. Holle's circumstances. However, this Court may not award equitable relief, no matter how compelling the

facts.  *See Taylor v. West*, 11 Vet.App. 436, 440 (1998); *Moffitt v. Brown*, 10 Vet.App. 214, 225 (1997).  The Court notes that the Secretary, in appropriate cases, may provide equitable relief.  *See* 38 U.S.C. § 503; *Zimick v. West*, 11 Vet.App. 45, 50-51 (1998); 38 C.F.R. § 2.7 (2015).  The Secretary's authority under section 503 is entirely discretionary and not reviewable by this Court. *See Zimick*, *supra*; *see also Smith v. Gober*, 14 Vet.App. 227 (2000).

## C.  Duty To Assist

The Secretary "shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary."  38 U.S.C. § 5103A(a)(1).  However, the "[t]he Secretary is not required to provide assistance to a claimant under this section if no reasonable possibility exists that such assistance would aid in substantiating the claim."  38 U.S.C. § 5103A(a)(2).  The Court reviews the Board's determination that VA satisfied its duty to assist under the "clearly erroneous" standard of review. *Nolen v. Gober*, 14 Vet.App. 183, 184 (2000).  "A factual finding 'is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Mrs. Holle essentially argues that because the record contains evidence that she has cognitive impairments, VA was put on notice "that additional evidence is needed to fully develop the facts regarding equitable tolling."  Appellant's Br. at 20.  The Board stated that "VA's General Counsel has held that the notice and assistance requirements of the [VCAA] are not applicable where there is no legal basis for the claim or because undisputed facts render the claimant ineligible for the claimed benefit."  R. at 6 (citing VA Gen. Coun. Prec. 5-2004 (June 23, 2004)).  As noted above, there is no legal mechanism by which the Court can equitably toll CHAMPVA's Medicare Part B enrollment requirement.  Because there is no legal method of granting Mrs. Holle the relief she seeks, no further development of the record is required.  *See* 38 U.S.C. § 5103A(a)(2).  Accordingly the Court finds that the Board did not clearly err in its determination that no assistance was required.

## IV.  CONCLUSION

After consideration of the appellant's and the Secretary's pleadings, and a review of the record, the Board's March 26, 2014, decision is AFFIRMED.