# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 19-5815

FLORENCE PETITE, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued October 1, 2021                                    Decided December 16, 2021)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*James R. Drysdale*, with whom *Richard A. Sauber*, General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Anna Whited*, Deputy Chief Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before BARTLEY, *Chief Judge*, and PIETSCH and ALLEN, *Judges*.

BARTLEY, *Chief Judge*: Florence Petite appeals through counsel an August 15, 2019, Board of Veterans' Appeals (Board) decision denying entitlement to continued benefits under the Civilian Health and Medical Program of the Department of Veterans Affairs (CHAMPVA).[1] Record (R.) at 3-6.[2] This appeal, over which the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a), was referred to a panel of the Court, with oral argument,[3] to address who qualifies as a "child" for CHAMPVA purposes. Although the parties' briefing and argument

---

[1] CHAMPVA is a federal health insurance program for spouses, surviving spouses, children, and certain caregivers of qualifying veterans. Under the program, VA pays a share of the cost (usually 25% after reaching a deductible) of covered medical services and supplies. CHAMPVA does not have a network of medical providers; instead, beneficiaries can seek care at private or government medical facilities, including VA medical centers and clinics, that accept assignment of CHAMPVA benefits. *See* U.S. DEP'T VETERANS AFF., CHAMPVA GUIDE (2021), *available at* https://www.va.gov/COMMUNITYCARE/docs/pubfiles/programguides/champva_guide.pdf, *see also Braan v. McDonald*, 28 Vet.App. 232, 235 (2016).

[2] Ms. Petite was originally self-represented. However, after the appeal was submitted for panel consideration, her current counsel entered an appearance, the parties filed substitute briefs, and the Secretary filed an amended record of proceedings. All citations to the record are to the amended record of proceedings.

[3] Oral argument was held at the National Organization of Veterans' Advocates (NOVA) Fall 2021 Conference in Washington, D.C. *See Petite v. McDonough*, No. 19-5815, Oral Argument [hereinafter "Oral Argument"], *available at* https://www.youtube.com/watch?v=TprIbn1Ijsw. We would like to thank NOVA for inviting the Court to hold oral argument at the Conference.

covered a wide range of topics, including whether the Patient Protection and Affordable Care Act's (ACA) mandate that certain health insurers who provide dependent care coverage must make that coverage available to adult children up to age 26[4] and whether corresponding changes to the Department of Defense's Civilian Health and Medical Program of the Uniformed Services[5] (CHAMPUS or TRICARE) apply to CHAMPVA, the issue we decide today is considerably narrower. Specifically, we hold that, to qualify as a "child" eligible to receive CHAMPVA benefits between ages 18 and 23, the course of instruction that an individual is pursuing at a VA-approved educational institution need not be full-time. Accordingly, and for the reasons that follow, the Court will reverse the Board's finding that Ms. Petite was ineligible to continue to receive CHAMPVA benefits because she was not pursuing a full-time course of instruction, set aside the remainder of the Board decision, and remand the matter for further development, if necessary, and readjudication consistent with this decision.

## I. FACTS

The appellant's father, veteran Darren J. Petite, served on active duty in the U.S. Army from October 1993 to October 1999. R. at 1334. Ms. Petite was born on August 2, 1999. R. at 1335.

In May 2008, VA determined that the veteran was permanently and totally disabled due to service-connected disabilities. R. at 97-104, 108-10. Ms. Petite applied for CHAMPVA benefits later that month, R. at 1731, which were granted in July 2008, R. at 1713. She was 8 years old at the time.

Nine years later, in May 2017, VA informed Ms. Petite that, to remain eligible for CHAMPVA benefits after she turned 18 in August 2017, she needed to submit evidence that she was pursuing a full-time course of instruction at a VA-approved educational institution. R. at 1710-12. VA sent another letter to that effect in June 2017. R. at 1707-09. Ms. Petite did not respond to those letters so, on August 3, 2017, the day after her 18th birthday, VA notified her that she was no longer eligible to receive CHAMPVA benefits. R. at 1700-06.

---

[4] Pub. L. No. 111-148, § 2714, 124 Stat. 119 (2010) (codified at 42 U.S.C. § 300gg-14).

[5] Ike Skelton National Defense Authorization Act of FY2011, Pub. L. No. 111-383 § 702, 124 Stat. 4137 (2011) (amending 10 U.S.C. § 1110b(b)).

Ms. Petite filed a Notice of Disagreement later that month, arguing that it was unfair that she was "'kicked off' the CHAMPVA health plan at age 18, when other insurance carriers allow dependents to remain covered on their parents' plans until age 26." R. at 1699. In response, the VA Office of Community Care (OCC), the agency of original jurisdiction for CHAMPVA claims, issued a decision in December 2017 finding that she did not qualify for CHAMPVA benefits. R. at 1766-69. Ms. Petite promptly disagreed with that decision, R. at 1765, and the OCC issued a Statement of the Case in June 2018 continuing to deny CHAMPVA eligibility, R. at 1665-83. Ms. Petite perfected an appeal to the Board in September 2018, R. at 1636, and submitted a statement in June 2019 asserting that she was a part-time student, R. at 11.

In August 2019, the Board issued the decision currently on appeal. R. at 1-6. Citing "controlling regulations," the Board found that Ms. Petite was not eligible for continued CHAMPVA benefits because she was over age 18 and had not demonstrated that she was permanently incapable of self-support or was pursuing a full-time course of instruction at a VA-approved educational institution. R. at 6; *see* R. at 3. This appeal followed.

## II. THE PARTIES' ARGUMENTS & RELEVANT STATUTES

The central issue in this case is whether the Board correctly interpreted controlling statutes when determining that Ms. Petite's CHAMPVA eligibility ended when she turned 18.[6] The problem is that the parties disagree as to which statutes actually control.

There are three statutes at issue here. The first is the CHAMPVA statute, 38 U.S.C. § 1781, which authorizes the Secretary to "provide medical care, in accordance with provisions of subsection (b) of this section," to certain individuals "who are not otherwise eligible for medical care under [TRICARE]." 38 U.S.C. § 1781(a). As relevant here, those individuals include "the spouse or child of a veteran who has a total disability, permanent in nature, resulting from a service-connected disability." 38 U.S.C. § 1781(a)(1); *see Holle v. McDonald*, 28 Vet.App. 112, 116 (2016).

Section 1781 does not expressly define "child" for CHAMPVA purposes. That's where the other statutes potentially come into play. According to Ms. Petite, section 1781's lack of a specific definition of "child" for CHAMPVA purposes means that Congress intended VA to use the general

---

[6] Because Ms. Petite is currently 22, we begin our analysis by focusing on the parties' arguments that pertain to her eligibility between ages 18 and 23, rather than their broader arguments as to her eligibility up to age 26.

definition of "child" for title 38 purposes set forth in 38 U.S.C. § 101(4)(A). Appellant's Substitute Brief (Sub. Br.) at 12-15. Aside from two exceptions not relevant here, that section defines a "child," for the purposes of title 38, as an unmarried person who has a specified qualifying parent-child relationship with the veteran and:

> (i) who is under the age of eighteen years;
>
> (ii) who, before attaining the age of eighteen years, became permanently incapable of self-support; or
>
> (iii) who, after attaining the age of eighteen years and until completion of education or training (but not after attaining the age of twenty-three years), is pursuing a course of instruction at an approved educational institution.

38 U.S.C. § 101(4)(A). Ms. Petite argues that, contrary to the Board's finding, she meets the definition of "child" set forth in section 101(4)(A)(iii) because she is 22 years old, she is currently enrolled as a part-time student, and section 101(4)(A)(iii) does not require that an individual be pursuing a full-time course of education or training to qualify as a child for VA benefits purposes. Appellant's Sub. Br. at 12-15.

The Secretary points to 10 U.S.C. § 1072, a statute that relates to the Armed Forces, for his definition of "child." That statute contains definitions of terms for TRICARE, a Department of Defense healthcare program, which the Secretary argues have been incorporated by reference into CHAMPVA via 38 U.S.C. § 1781(b). Section 1072(2)(D)(ii) of title 10 defines a "dependent" for TRICARE purposes as including, among other things, a child who "has not attained the age of 23, is enrolled in a *full-time* course of study at an institution of higher learning approved by the administering Secretary and is, or was at the time of the member's or former member's death, in fact dependent on the member or former member for over one-half of the child's support." 10 U.S.C. § 1072(2)(D)(ii) (emphasis added). The Secretary contends that the full-time student requirement set forth in this Armed Forces statute controls, and that the Board correctly determined that Ms. Petite was not eligible to continue receiving CHAMPVA benefits because she was over age 18 and had not provided proof that she was pursuing a full-time course of study at an approved educational institution. Secretary's Sub. Br. at 16-19.

As support for this position, the Secretary asserts that Congress expressly imported TRICARE's definition of "child" into CHAMPVA through section 1781(b), which provides, in full:

> In order to accomplish the purposes of subsection (a) of this section, the Secretary shall provide for medical care in the same or similar manner and subject to the same

4

or similar limitations as medical care is furnished to certain dependents and survivors of active duty and retired members of the Armed Forces under [TRICARE], by--

> (1) entering into an agreement with the Secretary of Defense under which that Secretary shall include coverage for such medical care under the contract, or contracts, that Secretary enters into to carry out such chapter 55, and under which the Secretary of Veterans Affairs shall fully reimburse the Secretary of Defense for all costs and expenditures made for the purposes of affording the medical care authorized pursuant to this section; or

> (2) contracting in accordance with such regulations as the Secretary shall prescribe for such insurance, medical service, or health plans as the Secretary deems appropriate.

In cases in which Department medical facilities are equipped to provide the care and treatment, the Secretary is also authorized to carry out such purposes through the use of such facilities not being utilized for the care of eligible veterans. A dependent or survivor receiving care under the preceding sentence shall be eligible for the same medical services as a veteran, including services under sections 1782 and 1783 of this title.

38 U.S.C. § 1781(b); *see* Secretary's Sub. Br. at 16-17. Ms. Petite disputes this interpretation, arguing that section 1781(b) is limited to the provision of medical care, not to benefits eligibility. Sub. Reply Br. at 8-9.

The Secretary also argues that section 1781(c) confirms his interpretation because it expressly mentions a full-time student requirement for CHAMPVA. Secretary's Sub. Br. at 16-18. That subsection states:

> For the purposes of this section, a child between the ages of eighteen and twenty-three (1) who is eligible for benefits under subsection (a) of this section, (2) who is pursuing a *full-time* course of instruction at an educational institution approved under chapter 36 of this title, and (3) who, while pursuing such course of instruction, incurs a disabling illness or injury (including a disabling illness or injury incurred between terms, semesters, or quarters or during a vacation or holiday period) which is not the result of such child's own willful misconduct and which results in such child's inability to continue or resume such child's chosen program of education at an approved educational institution shall remain eligible for benefits under this section until the end of the six-month period beginning on the date the disability is removed, the end of the two-year period beginning on the date of the onset of the disability, or the twenty-third birthday of the child, whichever occurs first.

38 U.S.C. § 1781(c) (emphasis added). According to the Secretary, section 1781(c)'s full-time student requirement applies to all aspects of CHAMPVA eligibility, not just this specific eligibility-retention provision. Secretary's Sub. Br. at 17.

5

## III.  ANALYSIS

### A.  Statutory Interpretation

To resolve the parties' dispute, the Court must interpret the foregoing statutes, an analysis we conduct de novo.  *See Casey v. Wilkie*, 31 Vet.App. 260, 265 (2019).  "'Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and its structure.'"  *Arneson v. Shinseki*, 24 Vet.App. 379, 383 (2011) (quoting *Myore v. Nicholson*, 489 F.3d 1207, 1211 (Fed. Cir. 2007)).  If the intent of Congress is clear from a statute's text and structure, "that is the end of the matter."  *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993).  Indeed, "when a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished."  *Est. of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992).

We begin then with the language of the CHAMPVA statute.  As outlined above, section 1781(a) specifies the individuals eligible to receive CHAMPVA benefits, including a "child of a veteran who has a total disability, permanent in nature, resulting from a service-connected disability."  38 U.S.C. § 1781(a)(1).[7]  No provision of the statute expressly defines "child" for this purpose, so we must look elsewhere for that term's meaning.

Section 101(4)(A) is a logical starting point, as it contains express definitions of "child" that are broadly applicable to title 38 programs, like CHAMPVA.  *See* 38 U.S.C. § 101 (providing definitions "[f]or the purpose of this title"); *Lawson v. Suwannee Fruit & S.S. Co.*, 336 U.S. 198, 201 (1949) ("Statutory definitions control the meaning of statutory words . . . in the usual case.").  The specific section 101(4)(A) definition that is relevant here provides that certain individuals between ages 18 and 23 qualify as a "child" for the purposes of title 38 if, among other things, they are "pursuing a course of instruction at an approved educational institution."  38 U.S.C. § 101(4)(A)(iii).  This subsection does not qualify the type of course of instruction that confers child status, other than to require that it be at "an approved educational institution."  *Id*.  Significantly, section 101(4)(A)(iii) does not mention an individual's full-time or part-time education status, much less contain an express requirement that such individual be pursuing a full-time course of instruction to qualify as a "child" for title 38 programs.

---

[7] To receive CHAMPVA benefits, an individual must also be "not otherwise eligible for medical care under [TRICARE]."  38 U.S.C. § 1781(a).

Section 101(4)(A)'s silence in this regard is telling, as the very next subsection, section 101(4)(B), lists an individual's "full-time attendance at an educational institution" as a factor relevant to determining whether an individual adopted under the laws of a jurisdiction other than a State qualifies as a "child" for title 38 purposes. 38 U.S.C. § 101(4)(B)(i)(IV). Clearly, Congress knew how to add a full-time student criterion to section 101(4); the fact that it did so in subsection (B)(i)(IV) but not subsection (A)(iii) of the same statute is compelling evidence that subsection (A)(iii) does not contain a full-time student requirement. *See Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) ("Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (cleaned up)); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 384 (2013) (concluding that Congress's inclusion of an explicit limitation in one statute "caution[ed] against" inferring a similar limitation into a different statute where none was mentioned); *Cooper v. McDonough*, 33 Vet.App. 341, 351 (2021) (applying this principle to a veterans benefit statute).

Given section 101(4)(A)(iii)'s conspicuous silence on the matter, we will abide by the plain language of the statute and not read into it a limitation that is not present in its text. *See Alabama v. North Carolina*, 560 U.S. 330, 352 (2010) (declaring that courts "cannot[] add provisions to a federal statute"); *Bates v. United States*, 522 U.S. 23, 29 (1997) (advising courts to "ordinarily resist reading words or elements into a statute that do not appear on its face"); *Keene Corp.*, 508 U.S. at 208 (underscoring a court's "duty to refrain from reading a phrase into [a] statute when Congress has left it out"). We therefore hold that, unless a particular statute indicates otherwise, whether an individual's course of instruction is full-time or part-time is not a relevant consideration under section 101(4)(A)(iii) when determining whether an individual is a "child" for CHAMPVA purposes.

Unfortunately, this holding alone does not resolve the parties' dispute, as the Secretary argues that section 1781 contains a program-specific definition of "child" that trumps section 101(4)(A)(iii)'s general definition of the term. Secretary's Sub. Br. at 18-19; *see Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992) (applying the "commonplace" canon of statutory construction that "the specific governs the general"); *see also Crumlich v. Wilkie*, 31 Vet.App. 194, 201 (2019) ("[W]here competing legal authorities are potentially applicable, the more specific authority trumps the more general authority."). As outlined above, the Secretary rests this

argument on: (1) section 1781(b), which he asserts incorporates by reference TRICARE's "full-time course of study" eligibility requirement for individuals between ages 18 and 23, 10 U.S.C. § 1072(2)(D)(ii); and (2) section 1781(c), which is a CHAMPVA retention provision that expressly mentions individuals "pursuing a full-time course of instruction," 38 U.S.C. § 1781(c). However, neither subsection supports his argument.

First, even assuming that the Secretary is correct that section 1781(b) seeks to align CHAMPVA with TRICARE in certain respects, he has not shown that section 1781(b) does so by importing TRICARE's "full-time course of study" requirement into CHAMPVA. To be sure, section 1781(b) mandates that the Secretary "provide for medical care in the same or similar manner and subject to the same or similar limitations as medical care is furnished to certain dependents and survivors of active duty and retired members of the Armed Forces under [TRICARE]." But it also instructs the Secretary to do so "by" taking the specific actions enumerated in subparagraphs (1) or (2) of that section—namely, by

> (1) entering into an agreement with the Secretary of Defense under which that Secretary shall include coverage for such medical care under the contract, or contracts, that Secretary enters into to carry out such chapter 55 [(TRICARE)], and under which the Secretary of Veterans Affairs shall fully reimburse the Secretary of Defense for all costs and expenditures made for the purposes of affording the medical care authorized pursuant to this section, [or]
> (2) contracting in accordance with such regulations as the Secretary shall prescribe for such insurance, medical service, or health plans as the Secretary deems appropriate.

38 U.S.C. § 1781(b)(1)-(2). Nowhere in the Secretary's brief did he account for the specific language in subsections (1) and (2) or explain how those subsections fit into his argument regarding section 1781(b)'s "same or similar manner" and "same or similar limitations" language. Nor was he able to do so at oral argument. Oral Argument at 55:12-57:52. Absent such, the Secretary's section 1781(b) argument must fail.

Second, although section 1781(c) requires that an individual be "pursuing a full-time course of instruction" at an approved educational institution to retain CHAMPVA benefits for a set period after incurring a disabling illness or injury, the statute's text and structure make clear that that requirement pertains only to the student's retention of benefits after the student becomes disabled, not to CHAMPVA eligibility in general. As discussed above, no other provision of section 1781 mentions or otherwise imposes a full-time course of instruction requirement. The

only provision that does contain such a limitation is paragraph (c), which, by its very terms, applies only to a very narrow factual situation, a student becoming disabled, that occurs *after* CHAMPVA eligibility has already been established for that student. We therefore view Congress's deliberate choice to include a full-time course of instruction requirement in subsection (c) but exclude it from the remainder of section 1781 as strong evidence that that requirement was meant to be an exception for retention of CHAMPVA benefits for disabled students only, not to be the general rule for CHAMPVA eligibility at large. *See City of Arlington, Tex. v. F.C.C.,* 569 U.S. 290, 296 (2013) (noting the interpretative principle that "Congress knows to speak in plain terms when it wishes to circumscribe, and in capacious terms when it wishes to enlarge"); *see also Beaudette v. McDonough*, 34 Vet.App. 95, 104 (2021) (applying that principle).

Moreover, there is only one way to read subsection (c) to give meaning to all its terms, and that reading is incompatible with the Secretary's proposed interpretation. Subsection (c) contains four requirements for retention. The first is the general, unnumbered requirement that an individual must be "a child between the ages of eighteen and twenty-three." 38 U.S.C. § 1781(c). The other requirements, which are numbered, specify that, to be entitled to retention of CHAMPVA benefits for a set period, such child must (1) be "eligible for benefits under subsection (a) of [section 1781]"; (2) be "pursuing a full-time course of instruction at an educational institution approved under chapter 36 of [title 38]"; and (3) "while pursuing such course of instruction, incur[] a disabling illness or injury . . . which is not the result of such child's own willful misconduct and which results in such child's inability to continue or resume such child's chosen program of education at an approved educational institution." *Id*. The Secretary's interpretation creates an unnecessary redundancy among those requirements.

Specifically, if the Secretary were correct that to be eligible to receive CHAMPVA benefits between ages 18 and 23 an individual must be pursuing a full-time course of instruction at a VA-approved educational institution, then there would be no need for subsection 1781(c) to repeat that requirement when specifying who is eligible to retain those benefits. Simply stating, as subsection (c) does now, that "a child between the ages of eighteen and twenty-three" may retain those benefits would be enough because the definition of "child" for that age range would already include a full-time course of instruction requirement. In other words, the only way to harmonize subsection (c)'s general "child between the ages of eighteen and twenty-three" requirement with its specific "full-time course of instruction" requirement is to read the former as not requiring pursuit of a full-time

9

course of instruction for CHAMPVA eligibility generally and the latter as imposing such an additional and separate requirement for retention purposes only. Given that courts should endeavor to "fit, if possible, all parts [of a statute] into a harmonious whole," *Nielson v. Shinseki*, 607 F.3d 802, 807 (Fed. Cir. 2010), and avoid statutory interpretations that result in redundancies between operative terms, *see Commodity Futures Trading Comm'n v. Worth Bullion Grp., Inc.*, 717 F.3d 545, 550 (7th Cir. 2013), we reject the Secretary's argument that section 1781(c)'s full-time course of instruction requirement applies to situations other than the retention of CHAMPVA benefits for beneficiaries with disabilities.

In sum, consistent with the plain language of section 1781, which does not contain a specific definition of "child" for CHAMPVA purposes, and section 101(4), which does contain a general definition of the term for all title 38 programs, we hold that an individual who is between ages 18 and 23 and who otherwise meets the requirements of sections 101(4)(A)(iii) and 1781(a) qualifies as a "child" for CHAMPVA purposes if he or she is "pursuing a course of instruction at an approved educational institution," regardless of whether that course of instruction is part-time or full-time. 38 U.S.C. § 101(4)(A)(iii); *see* 38 U.S.C. § 1781(a). Because the plain language of these statutes compels this interpretation, our inquiry is at an end and there is no need to look to legislative history or other authorities to discern their meaning.[8] *See Good Samaritan Hosp.*, 508 U.S. at 409; *Est. of Cowart*, 505 U.S. at 475.

### B. Application & Remedy

We now return to the Board decision on appeal. As outlined above, the Board found that Ms. Petite was not eligible to continue receiving CHAMPVA benefits because she was over age 18 and was not pursuing a full-time course of instruction at a VA-approved educational institution. R. at 3, 6. That finding was based on a misinterpretation of the controlling law, as neither section 101(4)(A)(iii) nor section 1781 requires a full-time course of instruction for an individual between ages 18 and 23 to qualify as a child for CHAMPVA purposes. The Court will therefore reverse the Board's finding that Ms. Petite was categorically ineligible to continue receiving CHAMPVA benefits due to her enrollment in a part-time, rather than full-time, course of instruction. *See*

---

[8] Nevertheless, we note that our interpretation is consistent with the Secretary's own regulation at 38 C.F.R. § 17.270(b), which mandates that for CHAMPVA purposes, "the definitions of 'child'" and other terms "must be those set forth further in 38 U.S.C. 101." Quite contrary to the Secretary's position in this case, § 17.270(b) does not define "child" by reference to TRICARE generally or 10 U.S.C. § 1072(2)(D)(ii) specifically, nor does it mention section 1781(b) or (c). Instead, § 17.270(b) refers only to section 101 for that definition, which we hold today does not contain a full-time course of instruction requirement.

*Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013) (explaining that reversal of a Board finding is appropriate where the Board has performed the necessary factfinding and explicitly weighed the evidence and the Court is left with the definite and firm conviction that a mistake has been committed); *Gutierrez v. Principi*, 19 Vet.App. 1, 10 (2004) (holding that "reversal is the appropriate remedy when the only permissible view of the evidence is contrary to the Board's decision"). However, because the Board has not yet assessed whether Ms. Petite's course of instruction is at a VA-approved educational institution, the Court will remand the matter for the Board to address that issue in the first instance and to adjudicate her entitlement to CHAMPVA benefits under the correct interpretation of the law. *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) (holding that remand is the appropriate remedy "where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate").

Additionally, although Ms. Petite asks the Court to address whether changes in law, including enactment of the ACA and later changes to the corresponding TRICARE statutes, extended CHAMVPA eligibility to children of qualifying veterans up to age 26, Oral Argument at 1:34:11-1:34:51, the Court does not reach that issue at this time because Ms. Petite is still age 22 and there is independent statutory authority, section 101(4)(A)(iii), that may entitle her to CHAMPVA benefits regardless of the answer to that question. Accordingly, we leave that question for another day. *See Mills v. Green*, 159 U.S. 651, 653 (1895) (reminding courts "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it"); *Nailos v. McDonough*, 34 Vet.App. 279, 290 (2021) (declining to address the parties' further arguments when the Court had already reached a conclusion sufficient to resolve the appeal).

## IV. CONCLUSION

Upon consideration of the foregoing, the Board's August 15, 2019, finding that Ms. Petite was ineligible to continue to receive CHAMPVA benefits because she was not pursuing a full-time course of instruction is REVERSED, the remainder of the Board decision denying entitlement to CHAMPVA benefits is SET ASIDE, and the matter is REMANDED for further development, if necessary, and readjudication consistent with this decision.